IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>100 F Street, N.E.<br>Washington, DC 20549,<br><br>      Plaintiff,<br><br>vs.<br><br>ONE OR MORE UNKNOWN TRADERS<br>IN THE COMMON STOCK OF CERTAIN<br>ISSUERS,<br><br>      Defendants,<br><br>and<br><br>JSC PAREX BANK,<br><br>      Relief Defendant. | Civil No. |

## APPLICATION FOR WAIVER OF NOTICE REQUIREMENT OF LCVR 65.1 AND FED. R. CIV. P. 65(B)

Plaintiff Securities and Exchange Commission ("Commission") respectfully moves this Court for a waiver of the notice requirements of LCvR 65.1 and Fed. R. Civ. P. 65(b) and an *Ex Parte* hearing on the Commission's motion for (1) a temporary restraining order, (2) an order to show cause, and (3) an order freezing assets and other relief.

The Commission seeks a waiver of notice of an *Ex Parte* hearing on the Commission's motion for a temporary restraining order and other relief to preserve the status quo pending identification of the Unknown Trader Defendants and to prevent immediate, irreparable harm which will occur if a hearing is delayed until such time as the Commission is able to identify the

Unknown Trader Defendants. No previous application for similar relief has been made in this case.

Given the exigency of this situation, the Commission has brought this action expeditiously and has not had an opportunity to investigate the matter completely. Nonetheless, the evidence the Commission has developed strongly indicates that the Unknown Trader Defendants have used the Internet to intrude into the online brokerage accounts of unsuspecting customers at U.S. broker dealers and placed unauthorized trades in the hijacked accounts for the Unknown Trader Defendants' own pecuniary benefit. The Unknown Trader Defendants profit from their scheme in accounts opened in the name of Relief Defendant JSC Parex Bank ("Parex"), located in Riga, Latvia, held in the registered brokerage firm of Pinnacle Capital Markets, LLC, located in Raleigh, North Carolina.

The evidence developed by the Commission indicates that the Unknown Trader Defendants engaged in their fraudulent scheme in three steps. First they purchased in the Parex accounts thinly traded stock of a particular company. Shortly thereafter, the Unknown Trader Defendants, using stolen identification information, intruded into the online accounts of investors at U.S. broker-dealers and purchase thousands, and in some instances millions, of shares of the same thinly traded stocks purchased by the Unknown Trader Defendants in the Parex accounts. The unauthorized trading in the innocent third-party accounts created the appearance of trading activity and pumped up the price of the stocks. Then, at the height of the price surge, the Unknown Trader Defendants sold off their previously-purchased shares of the same stocks at the inflated prices out of the Parex accounts.

From at least December 2005 and continuing to the present time, the Unknown Trader Defendants have fraudulently made at least $732,941 in the Parex accounts by engaging in this

scheme with regard to 15 different stocks. They have cost the brokerage houses that have maintained the intruded accounts approximately another $2 million. There is currently $17 million in the Parex omnibus account, and approximately $2 million has been transferred within the last year out of that account to entities and persons outside of the United States.

By engaging in the conduct alleged in the Complaint, each of the Unknown Trader have Defendants engaged, and unless enjoined will continue to engage, in violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

This case presents an emergency. Given that the subject transactions emanated through foreign financial institutions, there is a substantial risk that absent an immediate order freezing the proceeds of the trading and preventing the Unknown Trader Defendants from removing the proceeds beyond the jurisdiction of this Court, there will be no assets remaining in this country to satisfy a potential final judgment against the Unknown Trader Defendants.

The Commission's past experience is that persons who violate the federal securities laws by illegal schemes similar to that involved in this case often attempt to move assets beyond the effective jurisdiction of the United States courts. Such movement of assets makes it much more difficult, if not impossible, for the Commission to secure appropriate relief in the public interest in its subsequent enforcement proceedings. In this case, given the foreign-based trading, the Commission is particularly concerned that once the Unknown Trader Defendants become aware of this lawsuit they will transfer assets outside the jurisdiction of the United States.

In past cases involving securities fraud, defendants have taken actions to avoid the effectiveness of orders requiring the disgorgement of ill-gotten gains and payment of civil money

penalties by hiding or dissipating investors' funds. *See, e.g., SEC v. United Communications, Ltd.*, 899 F. Supp. 9, 11-12 (D.D.C. 1995); *SEC v. Current Financial Servs., Inc.*, 798 F. Supp. 802, 809 (D.D.C. 1992).

If the Commission is obligated to provide notice to the Unknown Trader Defendants and Relief Defendant Parex, the Unknown Trader Defendants' funds that are currently held in the Parex accounts may be withdrawn and dissipated. The Unknown Trader Defendants' pattern of behavior demonstrates that absent an immediate order freezing assets, the Unknown Trader Defendants will remove their assets beyond the jurisdiction of this Court, and there will be no assets remaining to satisfy a potential final judgment against the Unknown Trader Defendants.

Therefore, the Commission respectfully requests that the notice requirement be waived pursuant to LCvR 65.1 and Fed. R. Civ. P. 65(b) and that the Commission be permitted to serve the Temporary Injunction and Freeze Order by one of the methods set forth in the Commission's Application to Serve by Alternative Means Pursuant to Fed. R. Civ. P. 4(f).

Dated: March 6, 2007

Respectfully submitted,

Kenneth Guido, Trial Counsel
(D.C. Bar No. 151605)
John Reed Stark
Thomas A. Sporkin
N. Blair Vietmeyer
Sarit Klein
David Smyth
Attorneys for Plaintiff
U.S. SECURITIES AND EXCHANGE
COMMISSION
100 F Street, N.E.
Washington, DC 20549
(202) 551-4480 (Guido)
(202) 772-9245 (Fax)
Email: guidok@sec.gov