IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>100 F Street, N.E.<br>Washington, DC 20549,<br><br>        Plaintiff,<br><br>    vs.<br><br>ONE OR MORE UNKNOWN TRADERS<br>IN THE COMMON STOCK OF CERTAIN<br>ISSUERS,<br><br>        Defendants,<br><br>    and<br><br>JSC PAREX BANK,<br><br>        Relief Defendant. | Civil No. |

### PLAINTIFF'S APPLICATION TO SERVE BY ALTERNATIVE MEANS PURSUANT TO FED. R. CIV. P 4(f).

Plaintiff Securities and Exchange Commission ("Commission") respectfully moves this Court, pursuant to Fed. R. Civ. P. 4(f)(3) for an order granting the Commission permission to serve Unknown Trader Defendants and Relief Defendant JSC Parex Bank ("Relief Defendant Parex") by alternative means the: (1) Summons,

(2) Complaint, (3) Motion for a Temporary Restraining Order and Preliminary Injunction, (4) Order To Show Cause Why a Preliminary Injunction Should Not Issue, (5) Order Freezing Assets, (6) Order for Expedited Discovery, and (7) Order Preventing Document Alteration or Destruction. Service by alternative means is necessary in this action to preserve the *status quo* and to prevent immediate, irreparable harm which will occur if the service is not made by alternative means. Therefore, the Commission respectfully requests that it be authorized to serve the papers in this action:

(1) On Unknown Trader Defendants and Relief Defendant Parex by personal service, facsimile, overnight courier, or by mail, to their attorneys, their U.S. agents for service of process;

(2) On Relief Defendant Parex by service on its broker-dealer Pinnacle Capital Markets, LLC that has custody of the funds held in Relief Defendant Parex's brokerage accounts with instructions to forward the documents to the Relief Defendant Parex; and

(3) On Unknown Trader Defendants by service on Relief Defendant Parex by any of the means set forth in paragraph (1) and (2) above, with instructions to Relief Defendant Parex to forward the documents to the Unknown Trader Defendants by any of the means set forth in paragraph (1) above.

The Court is respectfully referred to the Memorandum in Support of this Motion for Alternative Methods of Service for the reasons for this motion.

Dated: March 6, 2007.

Respectfully submitted,

Kenneth Guido, Trial Counsel (D.C. Bar No. 151605)
John Reed Stark
Thomas A. Sporkin
N. Blair Vietmeyer
Sarit Klein
David Smyth
Attorneys for Plaintiff
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549
(202) 551-4480 (Guido)
(202) 772-9245 (Fax)
Email: guidok@sec.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>vs.<br><br>ONE OR MORE UNKNOWN TRADERS<br>IN THE COMMON STOCK OF CERTAIN<br>ISSUERS,<br><br>Defendants,<br><br>and<br><br>JSC PAREX BANK,<br><br>Relief Defendant. | Civil No. |

### PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM IN SUPPORT OF ITS APPLICATION TO SERVE DEFENDANTS AND RELIEF DEFENDANT BY ALTERNATIVE MEANS

Plaintiff Securities and Exchange Commission ("Commission") respectfully submits the following memorandum of law in support of its *Ex Parte* Motion to Serve the Defendants ("Unknown Trader Defendants") and Relief Defendant JCS Parex Bank ("Relief Defendant Parex") by Alternative Means of Service pursuant to Fed. R. Civ. P. 4(f)(3).

## I.

The Commission has brought this action to stop the Unknown Trader Defendants from engaging in an ongoing fraudulent scheme by use of the Internet to unlawfully pump up the price of thinly traded stocks for the Unknown Trader Defendants' pecuniary benefit.

The Unknown Trader Defendants engage in their fraudulent scheme in three steps. First, they open an account with Relief Defendant Perax, who maintains an omnibus account that comprises multiple sub-accounts with a U.S. broker dealer, Pinnacle Capital, LLC. They then purchase in the Parex accounts thinly traded stock of a particular company traded on a United States Exchange. Shortly thereafter, the Unknown Trader Defendants, using stolen identification information and passwords, intrude into the online accounts of investors at U.S. broker-dealers and purchase thousands, and in some instances millions, of shares of the same thinly traded stocks purchased by the Unknown Trader Defendants in the Parex accounts. The unauthorized trades in the innocent third-party accounts creates the appearance of activity and pumps up the price of the stocks. Then, at the height of the price surge, the Unknown Trader Defendants sell at the inflated prices their shares of the same stocks that they previously purchased in the Parex accounts.

The Commission was not able to determine the identity and location of the Unknown Trader Defendants prior to the filing of this action because of the likelihood that contacting Relief Defendant Parex would provide the Unknown Trader Defendants with notice of the Commission's interest, prompting them to transfer the funds in the Parex accounts beyond the jurisdiction of the Court. In fact, approximately two million

dollars has already been transferred out of the United States beyond the jurisdiction of the Court. Consequently, the Commission has filed this action seeking an *ex parte* temporary restraining order, freeze of assets, and alternative means of service. The alternative means of service are needed to perfect service on the Unknown Trader Defendants and Relief Defendant Parex in order to preserve assets and to provide them with timely notice to adjudicate the emergency relief sought by the Commission.

The account opening documents for the Parex accounts obtained from Person Financial, LLC, the clearing firms for Pinnacle Capital, do not identify the individuals for whom the trades in the accounts were made. Accordingly, it is not possible at this time to identify the Unknown Trader Defendants to perfect personal service on them. Consequently, the Commission seeks approval to serve the Summons and Complaint by alternative means pursuant to Fed. R. Civ. P. 4(f).

## II.

Fed. R. Civ. P. 4(f) provides for three alternative, and equally valid, methods of service. Subsection (1) provides for service pursuant to international agreement, such as the Hague Service Convention.[1] Subsection (2) provides for other means of service in a foreign country such as personal delivery or registered receipt mail, provided those means are allowed under international agreement. Subsection (3) provides for service "by other means not prohibited by international agreement as may be directed by the court."

As the Supreme Court has explained, each method of service is equally valid; one does not depend on the inability to use the other. Service on foreign nationals may be effected by any of the methods, including substituted service under Rule 4(f)(3)

---

[1] Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361.

"'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections,'" when not in violation of an international agreement. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 704-05 (1988); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Accordingly, courts applying Rule 4(f)(3) have found a wide variety of methods to satisfy the requirements of Due Process, including publication, ordinary mail, facsimile, mail to the defendant's last known address, delivery to the defendant's attorney, delivery to the defendant's brokerage firm, telex and, most recently, email. *See e.g., SEC v. Unifund*, 910 F.2d 1028, 1033-34 (2d Cir. 1990) (service upon securities broker of foreign client); *SEC v. Tome*, 833 F.2d 1086, 1094 (2d Cir.1987) (service by publication in the International Herald Tribune); *Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 176-78 (2d Cir. 1979) (service by mail to last known address); *SEC v. Foundation Hai*, 736 F. Supp. 465 (S.D.N.Y. 1990) (delivery of process to domestic brokerage firm for delivery to foreign national); *Forum Fin. Group, LLC v. President, Fellows of Harvard College,* 199 F.R.D. 22, 23-24 (D. Me. 2001) (service upon defendant's attorney); *New Eng. Merchs. Nat'l Bank v. Iran Power Generation & Transmission Co.*, 495 F. Supp. 73, 80 (S.D.N.Y. 1980) (service by telex); *Levin v. Ruby Trading Corp.*, 248 F. Supp. 537, 541-44 (S.D.N.Y. 1965) (service by ordinary mail); *Broadfoot v. Diaz*, 245 B.R. 713, 719-20 (Bankr. N.D. Ga. 2000) (service via facsimile, email and mail).

The Securities Act of 1933 and the Securities Exchange Act of 1934 permit the exercise of personal jurisdiction to the limit of the Due Process Clause of the Fifth Amendment. *SEC v. Unifund*, 910 F.2d 1028, 1033 (2d Cir. 1990). Here, the Unknown

4

Trader Defendants have traded a multitude of different stocks on United States securities exchanges in a multi-million dollar omnibus brokerage account maintained by a foreign bank in the United States. The specific transactions involved in the Unknown Trader Defendants' market manipulation have been executed based on sophisticated knowledge of the Internet. Therefore, the Unknown Trader Defendants' conduct and connection with the United States is such that they 'should reasonably anticipate being haled into court" in the United States. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Unifund*, 910 F.2d at 1033 (jurisdiction proper where defendant's actions had "an unmistakably foreseeable effect" within the United States that could "reasonably be expected to be visited upon United States shareholders"). To permit the Commission to serve Relief Defendant Parex through the agent for service of process it has appointed in New York and the broker-dealer that maintains its accounts in North Carolina, and the Unknown Trader Defendants through Relief Defendant Parex by alternative means, furthers the Commission's duty to enforce the securities laws to the full extent of its authority in accordance with the requirements of Due Process.

The alternative means of service under Rule 4(f)(3) sought by the Commission do not entail the Commission's transmittal of documents abroad to effect service, nor do they violate any international agreement. Therefore, service pursuant to Section 4(f)(3) is clearly appropriate in this case. *Forum Financial Group*, 199 F.R.D. at 23-24. Service on an intermediary located in this country may be used to perfect service on persons and entities abroad in actions brought by the Commission. *Unifund*, 910 F.2d at 1034.

### III.

For the foregoing reasons, the Court should grant the Commission's motion for an

order authorizing service by alternative means pursuant to Fed. R. Civ. P. 4(f)(3) AS set forth in the Proposed Order filed herewith, upon the Unknown Trader Defendants and Relief Defendant Parex.

Dated: March 6, 2007

Respectfully submitted,

Kenneth Guido, Trial Counsel (D.C.
Bar No. 151605
John Reed Stark
Thomas A. Sporkin
N. Blair Vietmeyer
Sarit Klein
David Smyth
Attorneys for Plaintiff
U.S. SECURITIES AND
EXCHANGE
COMMISSION
100 F Street, N.E.
Washington, DC 20549
(202) 551-4480 (Guido)
(202) 772-9245 (Fax)
Email: guidok@sec.gov