UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

    v.                                Civil No.:    07-0431 (RMU)

ONE OR MORE UNKNOWN TRADERS
IN THE COMMON STOCK OF
CERTAIN ISSUERS,

        Defendants,
and

JSC PAREX BANK,

        Relief Defendant.

FILED
MAR 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ORDER

### FREEZING ASSETS, GRANTING TEMPORARY RESTRAINING ORDER, GRANTING ORDER TO SHOW CAUSE, AND GRANTING OTHER RELIEF

Plaintiff Securities and Exchange Commission ("Commission") has moved *Ex Parte* for an Order (1) Temporarily Restraining Defendants One or More Unknown Traders in the Common Stock of Certain Issuers ("Unknown Trader Defendants") from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; (2) Freezing the Assets of Unknown Trader Defendants and Relief Defendant JSC Parex Bank ("Relief Defendant Parex"); (3) Ordering Unknown Trader Defendants to Show Cause Why They Should Not Be Preliminarily Enjoined from future violations of the respective provisions of the securities laws mentioned above; (4) providing for Expedited Discovery; (5) Preventing

Destruction of Evidence; (6) Directing Relief Defendant Parex to file a report Identifying the Defendants and Accounting for the Transactions in the accounts titled in the name of Parex described in the Complaint; (7) Authorizing Alternative Means for Service of Process; and (8) Preventing Document Alteration or Destruction.

The court has considered the Complaint in this action, the Memorandum of Points and Authorities in support of the Commission's *Ex Parte* Motion For A Temporary Restraining Order, Order to Show Cause, Order Freezing Assets, And Other Relief, the Commission's Motion to File Under Seal and for *Ex Parte* Hearing on Motion and Supporting Memorandum, and the Declarations filed in Support of the Motions.

The court concludes (i) that the public interest requires that the Commission's motion for this Order be considered *Ex Parte*, (ii) that the Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], by establishing a *prima facie* case and a substantial likelihood that the Commission will prove at trial on the merits that the Unknown Trader Defendants, directly or indirectly, have engaged in and, unless enjoined by order of this Court, will continue to engage in acts, transactions, practices, and courses of business constituting violations of the federal securities laws as charged in this Complaint, and (iii) that unless restrained and enjoined by this Court, Unknown Trader Defendants and/or Relief Defendant Parex may dissipate, conceal, or transfer from the jurisdiction of this Court assets which could be subject to an order of disgorgement or an order to pay civil penalties in this action.

**I.**

**IT IS HEREBY ORDERED** that, pending further Order of the Court,

(a) Unknown Trader Defendants, Relief Defendant Parex, and their officers, directors, subsidiaries, agents, servants, employees, attorneys, successors-in-interest, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever, by themselves or any person or entity under their direct or indirect control, any funds or other assets currently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such funds or other assets may currently exist and wherever located; and

(b)     any bank, savings and loan, mutual fund, or other financial or brokerage institution (including, without limitation Pinnacle Capital Markets LLC) or other person or entity that holds any funds, accounts or other assets in the name, for the benefit or under the control of Unknown Trader Defendants and/or Relief Defendant Parex, or any of them, or for which Unknown Trader Defendants and/or Relief Defendant Parex, or any of them, are signatories or have signing authority, and receives actual notice of this Order by personal service or otherwise, shall

    (i)     hold and retain within its control and prohibit the withdrawal, removal, transfer or other disposal of **$ 3,000,000.00** or other assets equal to such amount in such accounts, and

(ii) within three business days of receipt of that notice, serve on counsel for the Commission a statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice. Service of such statement on counsel for the Commission shall be by express courier service or telefax directed to Kenneth Guido, Esquire, at the Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549 (telephone no. (202) 551-4480), or at telefax number (202) 772-9245.

## II.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, Unknown Trader Defendants and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security from:

(1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5].

### III.

**IT IS FURTHER ORDERED** that, pending the determination of the Commission's Motion for a Preliminary Injunction or hearing on the merits: Unknown Trader Defendants, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails from:

(1) employing any device, scheme, or artifice to defraud;

(2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser in violation of Section 17(a) of the Securities Act [15 U.S.C. §77q(a)].

### IV.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, Unknown Trader Defendants, Relief Defendant Parex, their agents, officers, servants, employees, and attorneys shall cooperate with the Commission in identifying, locating, marshalling, and preserving all of the assets of the Unknown Trader Defendants.

V.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, Unknown Trader Defendants, Relief Defendant Parex, and all persons or entities acting at their direction or on their behalf are hereby enjoined and restrained from destroying, altering, concealing, or otherwise interfering with the Commission's access to any and all documents, books, and records, including but not limited to any such information in electronic form, in the possession, custody, or control of the Unknown Trader Defendants, Relief Defendant Parex, their agents, officers, employees, servants, accountants, financial or brokerage institutions, or attorneys relating to the assets of the Unknown Trader Defendants, of Relief Defendant Parex, or to the allegations of the Complaint.

VI.

**IT IS FURTHER ORDERED** that, pending further Order of the Court, the Commission's motion for expedited discovery is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34 and 36 of the Federal Rules of Civil Procedure, discovery shall proceed as follows:

(a) Pursuant to Rule 30 of the Federal Rules of Civil Procedure, the Commission may take depositions upon oral examination, upon two days' telefaxed notice of any such deposition. The Commission may also take any deposition by telephone or other remote electronic means. In addition, with respect to specific Unknown Trader Defendants, Relief Defendant Parex, and any of their officers, directors and employees, the Commission may depose such witnesses after sending a deposition

notice to the Unknown Trader and/or Relief Defendant Parex, rather than by sending a subpoena to such witnesses directly.

    (b)    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Unknown Trader Defendants and Relief Defendant Parex shall answer all interrogatories in writing under oath by the Commission within two days of telefaxed service of such interrogatories.

    (c)    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Unknown Trader Defendants and Relief Defendant Parex shall produce all documents requested by the Commission within two days of telefaxed service of such request.

    (d)    Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Unknown Trader Defendants and Relief Defendant Parex shall answer all of the Commission's requests for admissions within two days of telefaxed service of such requests.

    (e)    All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by the most expeditious means possible, whether by hand delivery, facsimile transmission, or overnight courier, upon the Commission, directed to Kenneth Guido, Esq., at the Commission, 100 F Street, N.E., Washington, D.C. 20549 (telephone no. (202) 551-4480), or at telefax number (202) 772-9245.

## VII.

**IT IS FURTHER ORDERED** that the Relief Defendant shall within five (5) business days of the date of this Order provide the Commission with the names, addresses, and all other contact information of the Unknown Trader Defendants, and provide the Commission with account opening documents and all information with

regard to the transactions the Unknown Trader Defendants engaged in the accounts titled in Relief Defendant Parex's name described in the Complaint.

### VIII.

**IT IS FURTHER ORDERED** that Unknown Trader Defendants show cause on or before **5:00 p.m. on March 11, 2007** why the court should not enter an Order preliminarily enjoining them from committing further violations of the respective provisions of the federal securities laws that Unknown Trader Defendants have been restrained from violating pursuant to this Order.

### IX.

**IT IS FURTHER ORDERED** that Unknown Trader Defendants and Relief Defendant Parex show cause at that time why this Court should not continue against them the other relief imposed with respect to them by this Order.

### X.

IT IS FURTHER **ORDERED** that, pending further Order of the Court, Unknown Trader Defendants and Relief Defendant shall serve any opposing papers in response to this Order to Show Cause no later than **5:00 p.m. on March 11, 2007**. Service shall be made by delivering the papers via email to Kenneth Guido, Esq., at guidok@sec.gov, or such other place and method as counsel for the Commission may direct in writing. The Commission shall by **March 12, 2007** file any reply papers and serve them on the Unknown Trader Defendants and Relief Defendant Parex by the most expeditious means available.

X.

**IT IS FURTHER ORDERED** that service of this Order, together with the papers on which it was granted, including the Complaint, shall be sufficient if made upon the Unknown Trader Defendants, and Relief Defendant by the means authorized in paragraphs (1), (2) and (3) of the Order Granting the Commission's Motion for Alternative Means of Service of the Summons and Complaint entered by the Court on this date.

**SO ORDERED.**

3/6/2007
DATE

UNITED STATES DISTRICT JUDGE