UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND
EXCHANGE COMMISSION,

      Plaintiff,

v.                                           Civil No.:    07-0431 (RMU)

ONE OR MORE UNKNOWN TRADERS
IN THE COMMON STOCK OF
CERTAIN ISSUERS,

      Defendants,
and

JSC PAREX BANK,

      Relief Defendant.

FILED

MAR 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ORDER

**DENYING THE PLAINTIFF'S MOTION FOR AN *EX PARTE* HEARING AND GRANTING APPLICATION FOR WAIVER OF NOTICE**

Plaintiff Securities and Exchange Commission ("Commission"), pursuant to LCvR 65.1 and Fed. R. Civ. P. 65(b), has made a Motion to waive the notice requirements and hold an Ex Parte hearing on its Motion for an *Ex Parte* Temporary Restraining Order, Order to Show Cause, Preliminary Injunction, and Order Freezing Assets and other Relief. The Court has considered the Commission's Application, its Complaint, the Declarations filed therewith, the attached exhibits, and its Memorandum in Support of the Motion for an *Ex Parte* Temporary Restraining Order, Order to Show Cause, Asset Freeze and Other Relief. Based upon the foregoing, the Court concludes that:

This Court has jurisdiction over the subject matter of this action and over Defendants "One Or More Unknown Traders In The Common Stock Of Certain Issuers" (collectively, the

Parex").

The Commission has made a sufficient and proper showing in support of the temporary relief sought in its motion papers, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)] and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)] by evidence establishing a *prima facie* case and a strong likelihood that the Commission will prevail at trial on the merits and that the Unknown Trader Defendants, and each of them, directly or indirectly, have engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

There is good cause to believe that, unless restrained and enjoined by order of this Court, Unknown Trader Defendants will dissipate, conceal, or transfer from the jurisdiction of this Court assets which could be subject to an order directing disgorgement or the payment of civil money penalties in this action.

Pursuant to LCvR 65.1 and Fed. R. Civ. P. 65(b), this Court specifically finds that there is a likelihood of irreparable injury to participants unless this order is issued. The Commission's pleadings noted above indicate, among other things, that: (a) Unknown Trader Defendants are currently profiting from a fraudulent scheme to intrude into and make unauthorized trades in the online accounts of unsuspecting investors so they can sell their previously acquired stock at artificially inflated prices, and (b) the Unknown Trader Defendants have and are likely to transfer their illegal profits in the accounts titled in the name of Relief Defendant Parex out of

the United States to other bank accounts and brokerage accounts beyond the jurisdiction of this Court if they receive notice prior to the imposition of a freeze order.

Based on these and other facts alleged by the Commission, there is good cause to believe that Unknown Trader Defendants will dispose of, dissipate, or remove the participants' funds and assets from the jurisdiction of the Court. Such dissipation of participants' funds and assets would constitute irreparable harm to the participants. To avoid this irreparable harm, this Court has decided to issue this Order.

Therefore, it is hereby **ORDERED** that because the court finds no present need for a hearing on the plaintiff's motions, the plaintiff's motion for a hearing is **DENIED**; and it is

**FURTHER ORDERED** that notice to Unknown Trader Defendants and Relief Defendant Parex of the Motion for Temporary Relief is waived.

**SO ORDERED.**

Dated this 6th day of March, 2007

_____
UNITED STATES DISTRICT JUDGE

3