IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : Civil No.07-0431 (RMU) |
| ONE OR MORE UNKNOWN TRADERS IN THE COMMON STOCK OF CERTAIN ISSUERS, | : |
| Defendants, and | : |
| JSC PAREX BANK, | : |
| Relief Defendant. | : |

**[PROPOSED] STIPULATED ORDER GRANTING PRELIMINARY RELIEF FREEZING ASSETS, AND GRANTING OTHER RELIEF**

WHEREAS, Plaintiff Securities and Exchange Commission ("Commission") has moved for an Order (1) Preliminarily Enjoining One or More Unknown Traders in the Common Stock of Certain Issuers ("Unknown Trader Defendants") from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; (2) Freezing the Assets of Unknown Trader Defendants and Relief Defendant JSC Parex Bank ("Relief Defendant Parex" or "Parex"); (3) Providing for Expedited Discovery; (4) Preventing Destruction of Evidence; (5) Directing Relief Defendant Parex to File a Report Identifying the Defendants and Accounting for the

Transactions in the accounts titled in the name of Parex described in the Complaint; and (6) Preventing Document Alteration or Destruction.

WHEREAS, the Commission and Relief Defendant have stipulated to a continuation of the relief granted in the Court's March 6, 2007 Order as to Relief Defendant Parex.

WHEREAS, the Court has considered the Stipulation agreed to by the Commission and Relief Defendant Parex, and given full consideration to the matter.

WHEREAS, the Court has found that good cause exists for entering the stipulated Order as to Relief Defendant Parex.

NOW, THEREFORE,

## I.

IT IS HEREBY ORDERED that, pending further Order of the Court,

(a) Relief Defendant Parex, and its officers, directors, subsidiaries, agents, servants, employees, attorneys, successors-in-interest, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever, by themselves or any person or entity under their direct or indirect control, any funds or other assets currently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such funds or other assets may currently exist and wherever located; and

(b)    any bank, savings and loan, mutual fund, or other financial or brokerage

institution (including, without limitation, Pinnacle Capital Markets LLC and Penson Financial Services, Inc.) or other person or entity that holds any funds, accounts or other assets in the name, for the benefit or under the control of Unknown Trader Defendants, Relief Defendant Parex, or for which Unknown Trader Defendants and/or Relief Defendant Parex, is signatory or have signing authority, and receives actual notice of this Order by personal service or otherwise, shall

    (i)    hold and retain within its control and prohibit the withdrawal, removal, transfer or other disposal of **$3,000,000** or other assets equal to such amount in such accounts, and

    (ii)    be obligated, to, serve upon counsel for the Commission by March 16, 2007, a statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice.  Service of such statement upon counsel for the Commission shall be by express courier service or telefax directed to Kenneth Guido, Esquire, at the Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549 (telephone no. (202) 551-4480), or at telefax number (202) 772-9245.

**II.**

IT IS FURTHER ORDERED that, pending further Order of the Court, Relief Defendant Parex, its agents, officers, servants, employees, and attorneys, and all persons or entities acting at its direction or on its behalf shall cooperate with the Commission in identifying, locating, marshalling, and preserving all of the assets of the Unknown Trader Defendants.

**III.**

IT IS FURTHER ORDERED that, pending further Order of the Court, Relief Defendant Parex, its agents, officer, servants, employees, and attorneys, and all persons or entities acting at its direction or on its behalf are hereby enjoined and restrained from destroying, altering, concealing, or otherwise interfering with the Commission's access to any and all documents, books, and records, including but not limited to any such information in electronic form, in the possession, custody, or control of Relief Defendant Parex, its agents, officers, employees, servants, accountants, financial or brokerage institutions, or attorneys relating to the assets of Relief Defendant Parex, or to the allegations of the Complaint.

**VI.**

IT IS FURTHER ORDERED that, pending further Order of the Court, the Commission's motion for expedited discovery is continued and that, commencing with the time and date of the Temporary Restraining Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34 and 36 of the Federal Rules of Civil Procedure, discovery by and between the Commission and Relief Defendant Parex shall proceed as follows:

(a)     Pursuant to Rule 30 of the Federal Rules of Civil Procedure, the Commission may continue to take depositions upon oral examination, upon five days' telefaxed or electronically mailed notice of any such deposition. The Commission may also continue to take any deposition by telephone or other remote electronic means. In addition, with respect to Relief Defendant Parex, and any of its officers, directors and employees, the Commission may continue to depose such witnesses after sending a

deposition notice to Relief Defendant Parex, rather than by sending a subpoena to such witnesses directly.

(b) Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Relief Defendant Parex shall continue to be obligated to answer all interrogatories in writing under oath by the Commission within five days of telefaxed or electronically mailed service of such interrogatories.

(c) Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Relief Defendant Parex shall continue to be obligated to produce all documents requested by the Commission within five days of telefaxed or electronically mailed service of such request.

(d) Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Relief Defendant Parex shall continue to be obligated to answer all of the Commission's requests for admissions within five days of telefaxed or electronically mailed service of such requests.

(e) Relief Defendant Parex shall continue to be obligated to deliver all written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure by the most expeditious means possible, whether by hand delivery, electronic mail, facsimile transmission, or overnight courier, upon the Commission, directed to Kenneth Guido, Esq., at the Commission, 100 F Street, N.E., Washington, D.C. 20549 (telephone no. (202) 551-4480), at telefax number (202) 772-9245, or at guidok@sec.gov.

**V.**

IT IS FURTHER ORDERED that the Relief Defendant shall provide the Commission by the close of business on March 16, 2007, with the names, addresses, and all other contact information of the Unknown Trader Defendants, and provide the Commission with account opening documents, the most recent monthly account statements, and all information with regard to the transactions described in the Complaint including, but not limited to, monthly or periodic accounts statements and internet protocol addressed used by the Unknown Trader Defendants in communicating with Relief Defendant Parex.

**VI.**

IT IS FURTHER ORDERED that service of this Order, together with the papers on which it was granted, including the Complaint, shall continue to be sufficient if made upon the Relief Defendant by the means authorized in paragraphs (1), (2) and (3) of the

Order Granting the Commission's Motion for Alternative Means of Service on March 6, 2007.

AGREED, AND CONSENTED TO on this date of March 12, 2007:

  /s/ Joseph J. Aronica
Joseph J. Aronica, Esq (D.C. 446139)
Duane Morris LLP
Counsel for Relief Defendant JSC Parex Bank
1667 K Street, N.W.
Washington, DC 2006
(202) 776-782 (direct)
(202) 776-7801 (fax)
jjaronica@duanemorris.com

Paul Verner, Esq.
Verner Simon. P.C
67 Wall Street, Suite 2211
NY, NY 10005
212-502-5500
212-502-5400 (fax)
 Of Counsel to Duane Morris LLP

  /s/ Kenneth J. Guido
Kenneth J. Guido (D.C. 151605)
Assistant Chief Litigation Counsel
Counsel for Plaintiff
Securities and Exchange Commission
100 F Street N.E.
Washington, DC 20549-4030
(202) 551-4480 (direct)
(202) 772-9245 (fax)
E-mail:  guidok@sec.gov

SO ORDERED

4

_____          _____
   DATE                        UNITED STATES DISTRICT JUDGE