IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : Civil No. 07-0431 (RMU) |
| ONE OR MORE UNKNOWN TRADERS IN THE COMMON STOCK OF CERTAIN ISSUERS, | : |
| Defendants, and | : |
| JSC PAREX BANK, | : |
| Relief Defendant. | : |

**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION, FREEZING ASSETS, AND GRANTING OTHER RELIEF AGAINST UNKNOWN TRADER DEFENDANTS**

WHEREAS, Plaintiff Securities and Exchange Commission ("Commission") has moved for an Order (1) Preliminarily Enjoining One or More Unknown Traders in the Common Stock of Certain Issuers ("Unknown Trader Defendants") from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; (2) Freezing the Assets of Unknown Trader Defendants and Relief Defendant JSC Parex Bank ("Relief Defendant Parex" or "Parex"); (3) providing for Expedited Discovery; (4) Preventing Destruction of Evidence; (5) Directing Relief Defendant Parex to file a report Identifying the Defendants and Accounting for the

Transactions in the accounts titled in the name of Parex described in the Complaint; and (6) Preventing Document Alteration or Destruction.

WHEREAS, on March 6, 2007 the Court granted the Commission's Ex Parte Motion for a Freeze Order, Temporary Restraining Order, and for Other Relief.

WHEREAS, Relief Defendant Parex has stipulated to an order of Preliminary Injunction, Freezing Assets, and Ancillary Relief signed by the Court on March 14, 2007.

WHEREAS, on March 14, 2007, the Court granted the Commission's for an extension of the March 6, 2007 Temporary Restraining Order and Order for Other Relief, and Ordered the Unknown Trader Defendants to file any opposition to the Commissions Request for Issuance of Preliminary Injunction, Freeze Order, and Ancillary Relief.

WHEREAS, the Unknown Trader Defendants have not filed an Opposition to the Commission's Motion for a Preliminary Injunction, Freeze Order, and Ancillary Relief.

WHEREAS, the Court has considered the Complaint in this action, the Memorandum of Points and Authorities in support of the Commission's Motion, the Declarations filed in Support of the Motions, Relief Defendant Parex's stipulation, and the Commission's Request for Issuance of Preliminary Injunction.

WHEREAS, the Court has found (i) that it has jurisdiction of this action, personal jurisdiction of Unknown Trader Defendants, and that service of process has been accomplished in accordance with the Order of March 6, 2007, granting the Commission Alternative Means of Service, and in accordance with its Order of March 14, 2007, (ii) that the Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], by establishing a *prima*

*facie* case and a substantial likelihood that the Commission will prove at trial on the merits that the Unknown Trader Defendants, directly or indirectly, have engaged in and, unless enjoined by order of this Court, will continue to engage in acts, transactions, practices, and courses of business constituting violations of the federal securities laws as charged in this Complaint, and (iii) that unless restrained and enjoined by this Court, Unknown Trader Defendants may dissipate, conceal, or transfer from the jurisdiction of this Court assets which could be subject to an order of disgorgement or an order to pay civil penalties in this action,

WHEREAS, the Court has found that good cause exists for entering a Preliminary Injunction, Freeze Order, and Order of Ancillary Relief Against Unknown Trader Defendants and has issued a similar Preliminary Injunction, Freeze Order, and Order of Ancillary Relief Against Relief Defendant Parex.

NOW THERFORE,

**I.**

IT IS HEREBY ORDERED that, pending further Order of the Court,

(a) Unknown Trader Defendants and their officers, directors, subsidiaries, agents, servants, employees, attorneys, successors-in-interest, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever, by themselves or any person or entity under their direct or indirect control, any funds or other assets currently held by them, under their control or over

which they exercise actual or apparent investment or other authority, in whatever form such funds or other assets may currently exist and wherever located; and

(b)  any bank, savings and loan, mutual fund, or other financial or brokerage institution (including, without limitation Pinnacle Capital Markets LLC and Penson Financial Services, Inc.) or other person or entity that holds any funds, accounts or other assets in the name, for the benefit or under the control of Unknown Trader Defendants or any of them, or for which Unknown Trader Defendants, or any of them, are signatories or have signing authority, and receives actual notice of this Order by personal service or otherwise, shall

> (i)  hold and retain within its control and prohibit the withdrawal, removal, transfer or other disposal of **$3,000,000** or other assets equal to such amount in such accounts, and
>
> (ii) unless otherwise served on the Commission, serve on counsel for the Commission by March 16, 2007, a statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice. Service of such statement on counsel for the Commission shall be by express courier service or telefax directed to Kenneth Guido, Esquire, at the Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549 (telephone no. (202) 551-4480), or at telefax number (202) 772-9245.

**II.**

IT IS FURTHER HEREBY ORDERED that, pending further Order of the Court, Unknown Trader Defendants and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security from:

(1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5].

**III.**

IT IS FURTHER HEREBY ORDERED that, pending further order of the Court: Unknown Trader Defendants and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails from:

(1) employing any device, scheme, or artifice to defraud;

(2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser in violation of Section 17(a) of the Securities Act [15 U.S.C. §77q(a)].

### IV.

IT IS FURTHER ORDERED that, pending further Order of the Court, Unknown Trader Defendants, their agents, officers, servants, employees, and attorneys shall cooperate with the Commission in identifying, locating, marshalling, and preserving all of the assets of the Unknown Trader Defendants.

### V.

IT IS FURTHER ORDERED that, pending further Order of the Court, Unknown Trader Defendants and all persons or entities acting at their direction or on their behalf are hereby enjoined and restrained from destroying, altering, concealing, or otherwise interfering with the Commission's access to any and all documents, books, and records, including but not limited to any such information in electronic form, in the possession, custody, or control of the Unknown Trader Defendants, their agents, officers, employees, servants, accountants, financial or brokerage institutions, or attorneys relating to the assets of the Unknown Trader Defendants, or to the allegations of the Complaint.

### VI.

IT IS FURTHER ORDERED that, pending further Order of the Court, the Commission's motion for expedited discovery is continued and that, commencing with

the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34 and 36 of the Federal Rules of Civil Procedure, discovery shall proceed as follows:

(a)     Pursuant to Rule 30 of the Federal Rules of Civil Procedure, the Commission may take depositions upon oral examination, upon five days' telefaxed or electronically mailed notice of any such deposition.  The Commission may also take any deposition by telephone or other remote electronic means.  In addition, with respect to specific Unknown Trader Defendants, and any of their officers, directors and employees, the Commission may depose such witnesses after sending a deposition notice to the Unknown Trader Defendants rather than by sending a subpoena to such witnesses directly.

(b)     Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Unknown Trader Defendants shall answer all interrogatories in writing under oath by the Commission within five days of telefaxed or electronically mailed service of such interrogatories.

(c)     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Unknown Trader Defendants shall produce all documents requested by the Commission within five days of telefaxed or electronically mailed service of such request.

(d)     Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Unknown Trader Defendants shall answer all of the Commission's requests for admissions within five days of telefaxed or electronically mailed service of such requests.

(e)     All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by the most expeditious means

possible, whether by hand delivery, electronic mail, facsimile transmission, or overnight courier, upon the Commission, directed to Kenneth Guido, Esq., at the Commission, 100 F Street, N.E., Washington, D.C. 20549 (telephone no. (202) 551-4480), telefax number (202) 772-9245, or at guidok@sec.gov.

## VII.

IT IS FURTHER ORDERED that service of this Order, together with the papers on which it was granted, and any other papers filed in this action, shall be sufficient if made upon the Unknown Trader Defendants, by the means authorized in paragraphs (1), (2) and (3) of the Order Granting the Commission's Motion for Alternative Means of Service of the Summons and Complaint entered by the Court previously issued by this Court, and by electronic mail upon Relief Defendant Parex, or its counsel, with instructions to forward the documents to Unknown Trader Defendants.

_____                    _____
      DATE                                    UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil No. 07-0431 (RMU) |
| | : |
| ONE OR MORE UNKNOWN TRADERS IN | : |
| THE COMMON STOCK OF CERTAIN ISSUERS, | : |
| | : |
| Defendants, | : |
| and | : |
| | : |
| JSC PAREX BANK, | : |
| | : |
| Relief Defendant. | : |

**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION, FREEZING ASSETS, AND GRANTING OTHER RELIEF AGAINST UNKNOWN TRADER DEFENDANTS**

WHEREAS, Plaintiff Securities and Exchange Commission ("Commission") has moved for an Order (1) Preliminarily Enjoining One or More Unknown Traders in the Common Stock of Certain Issuers ("Unknown Trader Defendants") from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; (2) Freezing the Assets of Unknown Trader Defendants and Relief Defendant JSC Parex Bank ("Relief Defendant Parex" or "Parex"); (3) providing for Expedited Discovery; (4) Preventing Destruction of Evidence; (5) Directing Relief Defendant Parex to file a report Identifying the Defendants and Accounting for the

Transactions in the accounts titled in the name of Parex described in the Complaint; and (6) Preventing Document Alteration or Destruction.

WHEREAS, on March 6, 2007 the Court granted the Commission's Ex Parte Motion for a Freeze Order, Temporary Restraining Order, and for Other Relief.

WHEREAS, Relief Defendant Parex has stipulated to an order of Preliminary Injunction, Freezing Assets, and Ancillary Relief signed by the Court on March 14, 2007.

WHEREAS, on March 14, 2007, the Court granted the Commission's for an extension of the March 6, 2007 Temporary Restraining Order and Order for Other Relief, and Ordered the Unknown Trader Defendants to file any opposition to the Commissions Request for Issuance of Preliminary Injunction, Freeze Order, and Ancillary Relief.

WHEREAS, the Unknown Trader Defendants have not filed an Opposition to the Commission's Motion for a Preliminary Injunction, Freeze Order, and Ancillary Relief.

WHEREAS, the Court has considered the Complaint in this action, the Memorandum of Points and Authorities in support of the Commission's Motion, the Declarations filed in Support of the Motions, Relief Defendant Parex's stipulation, and the Commission's Request for Issuance of Preliminary Injunction.

WHEREAS, the Court has found (i) that it has jurisdiction of this action, personal jurisdiction of Unknown Trader Defendants, and that service of process has been accomplished in accordance with the Order of March 6, 2007, granting the Commission Alternative Means of Service, and in accordance with its Order of March 14, 2007, (ii) that the Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], by establishing a *prima*

*facie* case and a substantial likelihood that the Commission will prove at trial on the merits that the Unknown Trader Defendants, directly or indirectly, have engaged in and, unless enjoined by order of this Court, will continue to engage in acts, transactions, practices, and courses of business constituting violations of the federal securities laws as charged in this Complaint, and (iii) that unless restrained and enjoined by this Court, Unknown Trader Defendants may dissipate, conceal, or transfer from the jurisdiction of this Court assets which could be subject to an order of disgorgement or an order to pay civil penalties in this action,

WHEREAS, the Court has found that good cause exists for entering a Preliminary Injunction, Freeze Order, and Order of Ancillary Relief Against Unknown Trader Defendants and has issued a similar Preliminary Injunction, Freeze Order, and Order of Ancillary Relief Against Relief Defendant Parex.

NOW THERFORE,

**I.**

IT IS HEREBY ORDERED that, pending further Order of the Court,

(a) Unknown Trader Defendants and their officers, directors, subsidiaries, agents, servants, employees, attorneys, successors-in-interest, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever, by themselves or any person or entity under their direct or indirect control, any funds or other assets currently held by them, under their control or over

which they exercise actual or apparent investment or other authority, in whatever form such funds or other assets may currently exist and wherever located; and

(b) any bank, savings and loan, mutual fund, or other financial or brokerage institution (including, without limitation Pinnacle Capital Markets LLC and Penson Financial Services, Inc.) or other person or entity that holds any funds, accounts or other assets in the name, for the benefit or under the control of Unknown Trader Defendants or any of them, or for which Unknown Trader Defendants, or any of them, are signatories or have signing authority, and receives actual notice of this Order by personal service or otherwise, shall

> (i) hold and retain within its control and prohibit the withdrawal, removal, transfer or other disposal of **$3,000,000** or other assets equal to such amount in such accounts, and
>
> (ii) unless otherwise served on the Commission, serve on counsel for the Commission by March 16, 2007, a statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice. Service of such statement on counsel for the Commission shall be by express courier service or telefax directed to Kenneth Guido, Esquire, at the Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549 (telephone no. (202) 551-4480), or at telefax number (202) 772-9245.

**II.**

IT IS FURTHER HEREBY ORDERED that, pending further Order of the Court, Unknown Trader Defendants and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security from:

(1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5].

## III.

IT IS FURTHER HEREBY ORDERED that, pending further order of the Court: Unknown Trader Defendants and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails from:

(1) employing any device, scheme, or artifice to defraud;

(2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser in violation of Section 17(a) of the Securities Act [15 U.S.C. §77q(a)].

## IV.

IT IS FURTHER ORDERED that, pending further Order of the Court, Unknown Trader Defendants, their agents, officers, servants, employees, and attorneys shall cooperate with the Commission in identifying, locating, marshalling, and preserving all of the assets of the Unknown Trader Defendants.

## V.

IT IS FURTHER ORDERED that, pending further Order of the Court, Unknown Trader Defendants and all persons or entities acting at their direction or on their behalf are hereby enjoined and restrained from destroying, altering, concealing, or otherwise interfering with the Commission's access to any and all documents, books, and records, including but not limited to any such information in electronic form, in the possession, custody, or control of the Unknown Trader Defendants, their agents, officers, employees, servants, accountants, financial or brokerage institutions, or attorneys relating to the assets of the Unknown Trader Defendants, or to the allegations of the Complaint.

## VI.

IT IS FURTHER ORDERED that, pending further Order of the Court, the Commission's motion for expedited discovery is continued and that, commencing with

the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34 and 36 of the Federal Rules of Civil Procedure, discovery shall proceed as follows:

  (a) Pursuant to Rule 30 of the Federal Rules of Civil Procedure, the Commission may take depositions upon oral examination, upon five days' telefaxed or electronically mailed notice of any such deposition. The Commission may also take any deposition by telephone or other remote electronic means. In addition, with respect to specific Unknown Trader Defendants, and any of their officers, directors and employees, the Commission may depose such witnesses after sending a deposition notice to the Unknown Trader Defendants rather than by sending a subpoena to such witnesses directly.

  (b) Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Unknown Trader Defendants shall answer all interrogatories in writing under oath by the Commission within five days of telefaxed or electronically mailed service of such interrogatories.

  (c) Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Unknown Trader Defendants shall produce all documents requested by the Commission within five days of telefaxed or electronically mailed service of such request.

  (d) Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Unknown Trader Defendants shall answer all of the Commission's requests for admissions within five days of telefaxed or electronically mailed service of such requests.

  (e) All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by the most expeditious means

possible, whether by hand delivery, electronic mail, facsimile transmission, or overnight courier, upon the Commission, directed to Kenneth Guido, Esq., at the Commission, 100 F Street, N.E., Washington, D.C. 20549 (telephone no. (202) 551-4480), telefax number (202) 772-9245, or at guidok@sec.gov.

## VII.

IT IS FURTHER ORDERED that service of this Order, together with the papers on which it was granted, and any other papers filed in this action, shall be sufficient if made upon the Unknown Trader Defendants, by the means authorized in paragraphs (1), (2) and (3) of the Order Granting the Commission's Motion for Alternative Means of Service of the Summons and Complaint entered by the Court previously issued by this Court, and by electronic mail upon Relief Defendant Parex, or its counsel, with instructions to forward the documents to Unknown Trader Defendants.

_____                     _____
       DATE                                      UNITED STATES DISTRICT JUDGE