# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                              :
**SECURITIES AND EXCHANGE COMMISSION**        :
                                              :
                          **Plaintiff,**      :   **Civil No. 07-0431 (RMU)**
                                              :
        **vs.**                               :
                                              :
**ONE OR MORE UNKNOWN TRADERS**               :
**IN THE COMMON STOCK OF CERTAIN**            :
**ISSUERS,**                                  :
                                              :
                          **Defendants,**     :
                                              :
        **and**                               :
                                              :
**JSC PAREX BANK,**                           :
                                              :
                      **Relief Defendant.**   :
_____ :

### ANSWER and CROSS-CLAIMS

Relief Defendant, JSC Parex Bank [hereinafter "Parex" or "Relief Defendant"], by its

undersigned counsel, answering the Complaint in this matter commenced by Plaintiff,

SECURITIES AND EXCHANGE COMMISSION, states as follows:

1.     The Relief Defendant is without knowledge or information sufficient to form a

belief as to the truth of this allegation; consequently, this allegation is denied.

2.     The Relief Defendant is without knowledge or information sufficient to form a

belief as to the truth of this allegation; consequently, this allegation is denied.

3.     The Relief Defendant is without knowledge or information sufficient to form a

belief as to the truth of this allegation; consequently, this allegation is denied.

4.      The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## JURISDICTION AND VENUE

5.      Admitted.

6.      The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

7.      The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## DEFENDANTS

8.      Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response, except that Parex admits that four (4) Parex clients,  Anna Gorelova, Oleg Kopylov, Sergey Kovalev, Dmitry Philin appear to have been involved in such trading.

## RELIEF DEFENDANT

9.      Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response, except that Parex admits that Parex

maintained accounts at Pinnacle Capital Markets, LLC, is a foreign bank with an address at Smils'u iela 3, Riga LV-1522, LATVIA and has received service of process in this action.

## FACTS

### Background

10.    Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response, except that Parex admits that Parex opened brokerage accounts at Pinnacle Capital Markets, LLC in June 2002.

11.    Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response, except that Parex admits that Parex granted each respective customer online access to its Pinnacle accounts and that Parex charged fees to its customers.

### The Unknown Trader Defendants' Account Intrusion Scheme

12.    The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

13.    Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations;

consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

14.    Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

## **Remote Dynamics, Inc.**

15.    The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

16.    Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

17.    The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

18.    Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

19.    The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

**DepoMed, Inc.**

20.    The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

21.    Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

22.    The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

23.    Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

24.    The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

**Orchid Cellmark, Inc.**

25.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

26.    Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

27.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

28.     Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

29.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

**Repligen Corp.**

30.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

31.     Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

32.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

33.     Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

34.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## Dura Automotive Systems, Inc.

35.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

36.     Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

37.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

38.     Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

39.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## Valentis, Inc.

40.      The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

41.    Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

42.    The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

43.    Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

44.    The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.


**WTS Dime Bancorp., Inc.**

45.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

46.    Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

47.    The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

48.     Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

49.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## Bluefly, Inc.

50.      The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

51.     Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

52.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

53.     Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

54.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

**NetWolves Corp.**

55.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

56.     Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

57.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

58.     Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

59.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

**Netguru, Inc.**

60.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

61.     Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

62.    The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

63.    Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

64.    The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.


**Integrated Alarm Services Group, Inc.**

65.    The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

66.    Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

67.    The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

68.    Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

69.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## I-Many, Inc.

70.      The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

71.     Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

72.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

73.     Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

74.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## Tapestry Pharmaceuticals, Inc.

75.      The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

76. Admitted in part, denied in part. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

77. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

78. Admitted in part, denied in part. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

79. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## Onvia, Inc.

80. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

81. Admitted in part, denied in part. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

82. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

83.     Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

84.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

### BriteSmile, Inc.

85.      The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

86.     Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

87.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

88.     Admitted in part, denied in part.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this entire series of allegations; consequently, the allegations are denied as either based upon documents which speak for themselves or as legal conclusions not requiring a response.

89.     The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## CLAIMS FOR RELIEF

## COUNT I

### Violations of 17(a) of the Securities Act
### [15 U.S.C. § 77q(a)]

90.    The Answering Relief Defendant repeats and realleges each and every response to Plaintiff's allegations set forth in the previous paragraphs as though set forth here at length.

91.    The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

92.    The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## COUNT II

### Violations of 10(b) of the Exchange Act
### [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17C.F.R. § 240.10b-5]

93.    The Answering Relief Defendant repeats and realleges each and every response to Plaintiff's allegations set forth in the previous paragraphs as though set forth here at length.

94.    The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

95.    The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## COUNT III

### Claim Against Relief Defendant as Custodian of Investor Funds

96.     The Answering Relief Defendant repeats and realleges each and every response to Plaintiff's allegations set forth in the previous paragraphs as though set forth here at length.

97.     Denied.

98.     Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to join necessary parties.

### Second Affirmative Defense

The Answering Relief Defendant acted in good faith and with reasonable reliance upon the representations of third parties.

### Third Affirmative Defense

The Answering Relief Defendant did not become unjustly enriched.

### Fourth Affirmative Defense

The Answering Relief Defendant reserves the right to plead such additional affirmative defenses as may be warranted through discovery in the litigation.

**WHEREFORE**, the Relief Defendant respectfully requests an Order dismissing the Complaint as to Parex Bank and such other and further relief as this Honorable Court deems just and proper.

### CROSS-CLAIMS AGAINST THE "ONE OR MORE UNKNOWN TRADERS IN THE COMMON STOCK OF CERTAIN ISSUERS"

Cross-Claimant/Relief Defendant, JSC Parex Bank, as and for its Cross-Claims against The "Unknown Trader Defendants", states as follows:

1.     Since the Complaint in this action was filed by the SEC on or about March 6, 2007, the Relief Defendant has since concluded, based upon information, belief and business records, that four (4) clients of Parex Bank have engaged in activities as have been alleged by the SEC. These individuals and their last known addresses are:

    a.  Anna Gorelova  - Odoevskogo street 28, apartment 2, St. Petersburg, Russia;

    b.  Oleg Kopylov – Dobrovotsev street 40, apartment 1, St. Petersburg, Russia;

    c.  Sergey Kovalev – Pridoroznaya street 5, apartment 90, St. Petersburg, Russia;

    d.  Dmitry Philin (a/k/a Dmitriy Filins) - Odoevskogo street 24, apartment 23, St. Petersburg, Russia [hereinafter the "Identified Trader Defendants"].

2.     If, as alleged in summary form in the SEC's Complaint at ¶¶1-4, these Identified Trader Defendants have "engaged in a modern-day, technological version of the traditional 'pump-and-dump' market manipulation scheme", it was without the knowledge or participation of the Relief Defendant and, more particularly, by virtue of the Identified Trader Defendants' perpetration of a fraud upon the Relief Defendant and its account held at Pinnacle Capital Markets, LLC [hereinafter "Pinnacle"].

3.      Further, in the perpetration of the fraud upon the Relief Defendant, the Identified Trader Defendants have transferred and stripped from their individual Pinnacle accounts all profits and ill-gotten gains derived by them as a result of their fraudulent scheme.

4.      Additionally, under the account agreements between the Identified Trader Defendants and Parex, and pursuant to Latvian Law, the Identified Trader Defendants have a contractual obligation to operate their accounts in a non-criminal manner and in good faith.

5.      Finally, under the account agreements between the Identified Trader Defendants and Parex, and pursuant to Latvian Law, the Identified Trader Defendants have a legal obligation to indemnify Parex for all damages caused by the breach of the Identified Trader Defendants' legal and contractual duties to Parex.

6.      As a result of the Identified Trader Defendants' misconduct, cash assets in the sum of Three Million Dollars [$3,000,000.00] are now frozen by the Order of this Court, which are not the assets of the culpable Identified Trader Defendants but are, in fact, the assets of other innocent clients of the Relief Defendant which were participants in the Pinnacle trading account.

7.      The Relief Defendant has been required by the freezing of the aforesaid cash assets to reimburse its innocent clients who are the true owners of the funds.

8.      As a result of the Identified Trader Defendants' misconduct the Relief Defendant has been charged the attorneys' fees and costs incurred in defense of this action.

9.      To the extent that the Relief Defendant is required as a result of this action to disgorge funds currently frozen by Order of this Court, the Relief Defendant will be damaged in the amount of Three Million Dollars [$3,000,000.00] together with the attorneys' fees and costs incurred in defense of this action.

10.    In the event the Relief Defendant is found legally liable, particularly as to any final Order requiring Parex to disgorge funds which are not funds of the Identified Trader Defendants, but rather are the funds of the Relief Defendants, then the Identified Trader Defendants are in breach of their contractual obligations to Parex.

## COUNT I

### Breach of Contract

11.    Cross-Claimant repeats and realleges each and every allegation of the preceding paragraphs of the Cross-Claims as though fully set forth here at length.

12.    Based on the foregoing conduct of the Identified Trader Defendants, the Identified Trader Defendants have breached their contracts with Parex and, as a direct and proximate result, Parex has suffered damages.

**WHEREFORE**, Parex, demands a judgment against the Identified Trader Defendants for:

a) compensatory and consequential damages together with prejudgment interests;

b) reimbursement of litigation expenses, including reasonable attorneys' fees and other costs of suit; and

c) an award of such other relief as the Court deems appropriate and equitable.

## COUNT II

### Breach of Covenant of Good Faith and Fair Dealing

13.    Cross-Claimant repeats and realleges each and every allegation of the preceding paragraphs of the Cross-Claims as though fully set forth here at length.

14.     Under the account agreements between the Identified Trader Defendants and Parex, and pursuant to Latvian Law, the Identified Trader Defendants have a contractual obligation to operate their accounts in a non-criminal manner and in good faith.

15.     Under the account agreements between the Identified Trader Defendants and Parex, and pursuant to Latvian Law, the Identified Trader Defendants have a legal obligation to indemnify Parex for all damages caused by the breach of the Identified Trader Defendants' legal and contractual duties to Parex.

16.     In every contract, the law implies as a covenant of good faith and fair dealing.

17.     Based on the fact set forth in the previous paragraphs herein, the Identified Trader Defendants breached their contracts and thereby breached the covenant of good faith and fair dealing with Parex.

18.     As a direct and proximate result of the conduct of the Identified Trader Defendants, Parex has suffered damages.

**WHEREFORE**, Parex, demands a judgment against the Identified Trader Defendants for:

a) compensatory and consequential damages together with prejudgment interests;

b) reimbursement of litigation expenses, including reasonable attorneys' fees and other costs of suit; and

c) an award of such other relief as the Court deems appropriate and equitable.

## COUNT III

### <u>Common Law Fraud</u>

19.     Cross-Claimant repeats and realleges each and every allegation of the preceding paragraphs of the Cross-Claims as though fully set forth here at length.

20.     As a result of the fraudulent conduct of the Identified Trader Defendants, Parex has suffered damages.

**WHEREFORE**, Parex, demands a judgment against the Identified Trader Defendants for:

        a) compensatory and consequential damages together with prejudgment interests;

        b) reimbursement of litigation expenses, including reasonable attorneys' fees and other costs of suit; and

        c) an award of such other relief as the Court deems appropriate and equitable.


## COUNT IV

### <u>Common Law Indemnification</u>

21.     Cross-Claimant repeats and realleges each and every allegation of the preceding paragraphs of the Cross-Claims as though fully set forth here at length.

22.     Cross-Claimant, while denying any and all liability or culpability under Plaintiff's Complaint, nevertheless asserts that any trading damages or losses sustained as set forth by Plaintiff, SEC, were the result of the whole, active and primary wrongdoing ad/or negligence of the Identified Trader Defendants.

23.     The wrongdoing, negligence and liability/culpability of the Identified Trader Defendants.

24.     The negligence and/or culpability of Cross-Claimant, if any, was passive, secondary, technical and imputed.

25.     By reason of the active and primary wrongdoing, negligence and liability/culpability of the Identified Trader Defendants, the Cross-Claimant is entitled to indemnification.

**WHEREFORE**, Parex, demands a judgment against the Identified Trader Defendants for:

a) compensatory and consequential damages together with prejudgment interests;

b) reimbursement of litigation expenses, including reasonable attorneys' fees and other costs of suit; and

c) an award of such other relief as the Court deems appropriate and equitable.

## COUNT V

## <u>Contractual Indemnification</u>

26.     Cross-Claimant repeats and realleges each and every allegation of the preceding paragraphs of the Cross-Claims as though fully set forth here at length.

27.     Under the terms of and by virtue of the agreements entered into between the Identified Trader Defendants and the Cross-Claimant, Parex, the Identified Trader Defendants are required to indemnify and hold harmless Parex from and against all claims and/or liability arising from the Identified Trader Defendants' violations of law, including but not limited to the types of violations of law asserted by the Plaintiff here.

**WHEREFORE**, Parex, demands a judgment against the Identified Trader Defendants for:

a) compensatory and consequential damages together with prejudgment interests;

b) reimbursement of litigation expenses, including reasonable attorneys' fees and other costs of suit; and

c) an award of such other relief as the Court deems appropriate and equitable.


## COUNT VI

### Contribution

28.     Cross-Claimant repeats and realleges each and every allegation of the preceding paragraphs of the Cross-Claims as though fully set forth here at length.

29.     The Identified Trader Defendants' are liable for contribution to Parex, for all and/or a proportioned share of any sum which may be judged against Parex.

**WHEREFORE**, Parex, demands a judgment against the Identified Trader Defendants for:

a) compensatory and consequential damages together with prejudgment interests;

b) reimbursement of litigation expenses, including reasonable attorneys' fees and other costs of suit; and

c) an award of such other relief as the Court deems appropriate and equitable.


### JURY DEMAND

These Answering Defendant/Cross-Claimant hereby demands trial by jury on all issues so triable.

Respectfully submitted,


s/ Joseph J Aronica
Joseph J. Aronica (D.C. Bar No.  446139)
DUANE MORRIS, LLP
1667 K Street, N.W., Suite 700
Washington, D.C.  20006
(202) 775-7800



s/ Paul W. Verner
Paul W. Verner, Pro Hac Vice
67 Wall Street, Suite 2211
New York, New York 10005
(212) 502-5500


Dated: May 29, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May 2007,  a true copy of the foregoing Answer

and Cross-Claims was served via the Court's ECF System on the following person(s):

>Kenneth J. Guido
>Assistant Chief Litigation Counsel
>Securities and Exchange Commission
>100 F Street, N.E.
>Washington, D.C.  20549-4030

>s/ Paul W. Verner
>Paul W. Verner, Pro Hac Vice
>67 Wall Street, Suite 2211
>New York, New York 10005
>(212) 502-5500