IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | |
| Plaintiff, | |
| vs. | Civil No.07-cv-0431 (RMU) |
| ONE OR MORE UNKNOWN TRADERS IN THE COMMON STOCK OF CERTAIN ISSUERS aka ANNA GORELOVA, OLEG KOPPYLOV, SERGEY KOVALEV AND DEMITRIY PHILIN, | |
| Defendants, | |
| and | |
| JSC PAREX BANK, | |
| Relief Defendant. | |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION TO DISMISS RELIEF DEFENDANT JSC PAREX BANK'S CROSS-CLAIMS AGAINST DEFENDANTS**

Plaintiff Securities and Exchange Commission ("Commission") respectfully moves this Court, pursuant to Rules 12, Fed. R. Civ. P., for an order dismissing the private cross-claims of Relief Defendant JSC Parex Bank ("Parex") against the Defendants for lack of jurisdiction because the cross-claims are prohibited by Section 21(g) of the Exchange Act [15 U.S.C. §78u(g).[1]

---

[1] Of course, Parex may pursue its private claims in a separate action in an appropriate forum that is not consolidated with this Commission enforcement action in violation of Section 21(g).

The Commission respectfully refers the Court to its Memorandum in Support of Its Motion to Dismiss Relief Defendant Parex's Cross-Claims for the reasons why this motion should be granted.

Dated:  July 6, 2007

        Respectfully submitted,


        /s/ Kenneth J. Guido

        Kenneth J. Guido, Trial Counsel (D.C. Bar No. 151605)
        John Reed Stark
        Thomas A. Sporkin
        N. Blair Vietmeyer
        Sarit Klein
        David Smyth
        Attorneys for Plaintiff
        U.S. SECURITIES AND EXCHANGE COMMISSION
        100 F Street, N.E.
        Washington, DC 20549
        (202) 551-4480 (Guido)
        (202) 772-9245 (Fax)
        Email: guidok@sec.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | : <br> : <br> : |
| Plaintiff, | : <br> : |
| vs. | :    Civil No.07-cv-0431 <br> :    (RMU) |
| ONE OR MORE UNKNOWN TRADERS <br> IN THE COMMON STOCK OF CERTAIN <br> ISSUERS aka ANNA GORELOVA, OLEG KOPPYLOV, <br> SERGEY KOVALEV AND DEMITRIY PHILIN, | : <br> : <br> : <br> : |
| Defendants, | : |
| and | : |
| JSC PAREX BANK, | : <br> : |
| Relief Defendant. | : <br> : |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS RELIEF
DEFENDANT JSC PAREX'S CROSS-CLAIMS AGAINST DEFENDANTS**

Plaintiff Securities and Exchange Commission ("Commission"), pursuant to Rule 12, Fed R. Civ. P., has filed a Motion to Dismiss Relief Defendant JCS Parex Bank's ("Parex") cross-claims against Defendants for lack of jurisdiction because the cross-claims are prohibited by Section 21(g) of the Exchange Act [15 U.S.C. §78u(g)].

The Commission respectfully submits this Memorandum of Law in support of its Motion setting forth the reasons for its Motion to Dismiss Parex's counter-claims.[1]

---

[1] Of course, Parex may pursue its private claims in a separate action in an appropriate forum that is not consolidated with this Commission enforcement action in violation of Section 21(g).

**STATUS OF LITIGATION**

The Commission filed its Complaint in this action on March 6, 2007, alleging that Defendants violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and named Parex a Relief Defendant.

The Commission alleged in its Complaint that between December 21, 2005, and at least through December 4, 2006, the Defendants, using an account at a United States brokerage firm (Pinnacle) titled in the name of Relief Defendant Parex, traded in at least fifteen companies whose share prices were manipulated through online intrusions and unauthorized trading in investors' accounts at various internet brokerage houses. In each of these instances, the trading pattern was the same. First, the Defendants accumulated in the Parex accounts at Pinnacle positions in a thinly traded company. Next, they intruded into online accounts at various broker-dealers, liquidated existing positions and used the resulting proceeds to purchase shares of the same thinly traded stocks they previously purchased in their own accounts. The unauthorized trading created the appearance of trading activity and drove up the price of the stocks. Then, at the height of the price surge, the Defendants sold at the inflated prices the shares they previously bought in the accounts titled in Parex's name. As a result of their fraudulent trading, the Defendants realized profits totaling at least $732,941.

The Commission alleged that the Defendants actions set forth above violated Section 17(a) of the Securities Act, and Section 10(b) of the Exchange Act and the

Regulations promulgated thereunder. Parex was joined as a Relief Defendant, because its account(s) in the United States were where the Defendants illegal profits were earned.

Relief Defendant Parex filed its Answer on May 29, 2007, in which it, *inter alia*, filed six cross-claims against the Defendants in this action. First, Parex cross-claimed for breach of contract. (Answer at ¶¶ 11-12). Second, Parex cross-claimed for breach of an implied covenant of good faith and fair dealing. (Answer at ¶¶ 13-18). Third, Parex cross-claimed for common law fraud. (Answer at ¶¶ 19-20). Fourth, Parex cross-claimed for common law indemnification. (Answer at ¶¶ 21-25). Fifth, Parex cross-claimed for contractual indemnification. (Answer at ¶¶ 26-27). Sixth, Parex cross-claimed for contribution. (Answer at ¶¶ 28-29).

Relief Defendant has not served the Defendants with its cross-claims as of the date of this filing in accordance with Rule 4, Fed. R. Civ. P., as required by Rule 5(a), Fed. R. Civ. P.

## SUMMARY OF ARGUMENT

As explained below, the Parex's cross-claims against the Defendants do not fall within the supplemental jurisdiction of the Court provided for in 28 U.S.C. §1367, because the cross-claims are expressly prohibited by a Federal statute, Section 21(g) of the Exchange Act [15 U.S.C. §78u(g).

The cross-claims are <u>not</u> limited to facts needed to adjudicate the liability for the transactions or occurrences that are the subject matter of the Commission's enforcement action. Instead, the cross-claims raise legal issues that are extraneous to those necessary to litigate this action. Significantly, the cross-claims raise difficult issues of choice of law, interpretation of foreign tort and contract law, and require discovery outside of the

3

physical jurisdiction of the United States. Consequently, this Court should follow the lead of all of its predecessor courts that have confronted this issue, and dismiss the cross-claims for lack of jurisdiction because they are prohibited by Section 21(g).

## ARGUMENT

The Federal Rules of Civil procedure permit the filing of a cross-claim by one party to an action against a co-party arising out of the transaction or occurrence that is the "subject matter . . . of the original action . . . or relating to any property that is the subject matter . . . " or relating to any property that is the subject matter of the original action." Rule 13(g), Fed. R. Civ. P. The Court' jurisdiction over cross-claims is governed by 28 U.S.C. § 1367. Wright & Miller, 6 Fed. Prac. & Proc. Civ. 2d § 1433 (West 2007). Section 1367 provides:

> Except as provided in subsections (b) and (c) ***or as expressly provided otherwise by Federal statute,*** in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

(Emphasis added).

Congress has expressly provided that supplemental jurisdiction does not exist in this case. In 1975, Congress barred the consolidation or coordination of private actions with Commission enforcement cases unless the Commission consents, which it has not done in this case. Section 21(g) of the Exchange Act [15 U.S.C. §78u(g). Section 21(b) of the Exchange Act expressly provides in pertinent part:

> Notwithstanding the provision of section 1407(a) of Title 28. . . ***or any other provision of law,*** no action for equitable relief instituted by the Commission pursuant to the securities laws shall be ***consolidated or coordinated*** with other actions not brought by the Commission, even though such other actions may

4

> involve common questions of facts, unless such consolidation is consented to by the Commission.

(Emphasis added).

This unambiguous plain language of Section 21(g) has been confirmed by the Supreme Court. *Park Lane Hosiery v. Shore*, 439 U.S. 322, 332, n.17 (1979); *Aaron v. SEC*, 446 U.S. 680, 717, n.9 (1980) (J. Blackman concurring).

As the Supreme Court recognized, Congress added Section 21(g) to the Exchange Act in 1975 because it determined that litigating private actions with Commission actions to enforce the securities laws would unduly complicate the Commission's enforcement actions. Commission enforcement actions, as explained in the Senate Report, would become more confused and complex, additional issues would have to be litigated, objectives different from the obligation to enforce the laws would have to be reconciled, and private claims would hinder prompt resolution of the regulatory obligations. Senate Report No. 94-75, at pp.73-76, Securities Act Amendments of 1975 (94th Cong., 1st Sess, 1975), U.S.C.C.A.N. 179, 1975 W.L. 12347 (Leg. Hist.) (April 14, 1975), discussed by J. Blackman in *Aaron v. SEC,* 446 U.S. at 717, n.9.

As a consequence of Congress' determination, courts have routinely dismissed cross-claims and counterclaims in Commission enforcement actions because of their potential to delay the Commission's enforcement actions and unduly complicate the legal issues to be tried. *See, e.g., SEC v. Pincus,* 421 F. Supp. 2d 781, 784 (S.D.N.Y 2006); *SEC v. Egan,* 821 F. Supp, 1274, 1275-76 (N.D. Ill. 1993); *SEC v. Electronics Warehouse Inc.*, 689 F. Supp 53, 71-72 (D. Conn. 1988), *aff'd.*, 891 F.2d 457(2d Cir. 1989).

As Judge Sullivan of this Court has explained in a pre Section 21(g) case:

> Whatever the legal rights of the cross-claimants which may exist for recovery against co-defendants, they do not arise out of the transactions or occurrences which are the subject matter of the Commission's complaint. The suit by the Commission is based on conduct of the defendants which allegedly violated the Securities Laws. The cross-claimants do not restrict the liability of any co-defendant to acts which the Commission claims were in violation of the Securities Laws. Instead they rely apparently on contract, tort and corporate law theories of recovery. Although there may be some facts common to the original action and the cross-claims, the theories of the liability and the proof of the cross-claims appear to go substantially outside the claims of the Commission.

*SEC v. National Student Marketing Corp.*, 59 F.R.D. 305, 307 (D.D.C. 1973).[2]

Here, Parex has presumably sought to sue the Defendants under the laws of Latvia for actions the Defendants presumably engaged in from their homes in Petersburg, Russia. In doing so, Parex seeks to interject issues into this proceeding, which, by their very nature, will require adjudication of additional facts unnecessary to adjudicate the issues raised in the Commission's Complaint, and will require extensive discovery and briefing of extraneous legal and factual issues prior to trial. For example, this Court will have to adjudicate a number of questions, including, but not limited to: (1) what substantive law -- Latvian, Russian, and/or United States -- applies to the facts of this case; (2) whose choice of law rule -- Latvian, Russian, or United States -- is to be used to make the determination; (3) what aspect of the appropriate jurisdiction's law -- tort, and/or contract -- applies in this case; (4) what are the facts upon which Parex may rely to establish liability under the appropriate law; and, finally, (5) what does the appropriate

---

[2] Although *SEC v. National Student Marketing* was decided in 1973 before Congress enacted Section 21(g), it is persuasive authority for the reasons why pre-and post Section 21(g) private cross-claims in SEC enforcement actions have been dismissed. *See*, for example, *SEC v. General Host Corp.*, 60 F.R.D. 640, 642-43 (S.D.N.Y.), *aff'd.,* 508 F.2d 1332 (2d Cir. 1975). *See also* the post Section 21(g) opinion of Judge Parker of this Court in another context where he observed that **intervention** has been permitted in a few SEC enforcement actions in limited circumstances despite Section 21(g), , but that Section 21(g) has been held to **bar all cross-claims, counter-claims, and third party claims**. *SEC v. Prudential Securities Incorporated,* 171 F.R.D. 1, text and notes at pp. 3-5 (D.D.C. 1997).

law -- tort, contract, or a combination of both -- dictate should be the outcome of Parex's cross-claims?

The Commission has withheld its consent to Parex's cross-claims against the Defendants because of the complexity and delay inherent in adjudicating them in this enforcement action. Therefore, Section 21(g) bars Parex from joining its cross-claims with the Commissions enforcement claims in this action.

## CONCLUSION

For the foregoing reasons, the Commission respectfully requests that the Court grant the Commission's motion to dismiss Relief Defendant Parex's cross-claims against the Defendants.

Dated:  July 6, 2007                                            Respectfully submitted,


/s/ Kenneth J. Guido
Kenneth J. Guido, Trial Counsel
(D.C. Bar No. 151605
John Reed Stark
Thomas A. Sporkin
N. Blair Vietmeyer
Sarit Klein
David Smyth
Attorneys for Plaintiff
U.S. SECURITIES AND
EXCHANGE
COMMISSION
100 F Street, N.E.
Washington, DC 20549
(202) 551-4480 (Guido)
(202) 772-9245 (Fax)
Email: guidok@sec.gov

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil No.07-cv-0431 |
| | : | (RMU) |
| ONE OR MORE UNKNOWN TRADERS IN THE COMMON STOCK OF CERTAIN ISSUERS aka ANNA GORELOVA, OLEG KOPPYLOV, SERGEY KOVALEV AND DEMITRIY PHILIN, | : | |
| | : | |
| Defendants, | : | |
| | : | |
| and | : | |
| | : | |
| JSC PAREX BANK, | : | |
| | : | |
| Relief Defendant. | : | |

**[PROPOSED] ORDER GRANTING PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION TO DISMISS RELIEF DEFENDANT JSC PAREX BANK'S CROSS-CLAIMS AGAINST DEFENDANTS**

This Matter came to be heard upon Plaintiff Securities and Exchange Commission's ("Commission") Motion for an order dismissing the private cross-claims of Relief Defendant JSC Parex Bank ("Parex") against Defendants for lack of jurisdiction because the cross-claims are prohibited by Section 21(g) of the Exchange Act [15 U.S.C. §78u(g).

The Court, having considered the Motion, the Memorandum of Points and Authorities in Support thereof and in Opposition thereto, and all other evidence and arguments presented regarding the Motion, finds, determines and orders that the Motion should be granted.

**THERFORE,** it is hereby ordered that the Motion is **GRANTED.**

## I

**IT IS FURTHER HEREBY ORDERED** that Parex's cross-claim for breach of contract (Answer at ¶¶ 11-12), cross-claim for breach of an implied covenant of good faith and fair dealing (Answer at ¶¶ 13-18), cross-claim for common law fraud (Answer at ¶¶ 19-20), cross-claim for common law indemnification (Answer at ¶¶ 21-25), cross-claim for contractual indemnification (Answer at ¶¶ 26-27), and cross-claim for contribution (Answer at ¶¶ 28-29) are **DENIED.**

## II

**AND IT IS FURTHER HEREBY ORDERED** that Parex may pursue its private claims in a separate action in an appropriate forum that is not consolidated or coordinated with this Commission enforcement action.

**SO ORDERED.**

Dated: _____, \_\_, 2007

_____
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>vs.<br><br>ONE OR MORE UNKNOWN TRADERS IN THE COMMON STOCK OF CERTAIN ISSUERS aka ANNA GORELOVA, OLEG KOPPYLOV, SERGEY KOVALEV AND DEMITRIY PHILIN,<br><br>Defendants,<br><br>and<br><br>JSC PAREX BANK,<br><br>Relief Defendant. | Civil No.07-cv-0431 (RMU) |

**CERTIFICATE OF SERVICE**

I certify that on July 6, 2007, the foregoing Motion to Dismiss Relief Defendant JSC Parex's Cross-Claims against Defendants, Memorandum in Support Thereof, and [Proposed[ Order will be delivered by electronic mail to Joe Aronica and Paul W. Verner, counsel for Relief Defendant JSC Parex Bank and the Relief Defendants and Defendants have been served by first class mail postage prepaid at the physical addresses listed below and the Defendants have also bee served by electronic mail to the e-mail addresses listed below:

Joe Aronica
Duane Morris LLP
Suite 700, 1667 K Street, N.W.
Washington, DC 20006

Paul W. Verner
Verner Simon, P.C.
Suite 2211, 67 Wall Street
New York, NY 10005

Counsel for Relief Defendant JSC Parex

Anna Gorelova, Odoevskogo Street 28, Apartment 2, Saint Petersburg, Russia
anna_kamilla@mail.ru
Defendant

Oleg Kopylov, Dobrovoltseve Street 40, Apartment 1, Saint Petersburg, Russia
OLEK_KOPILOV@INBOX.RU
Defendant

Sergey Kovalev, Pridoroznaya Street 5, Apartment 90, Saint Petersburg, Russia
sergjkovalev@inbox.ru
Defendant

Dmitriy Philin, Stachek Prospect 24-23, Saint Petersburg, Russia
DPHILIN@LISN.RU
Defendant

                                                 /s/ Kenneth J. Guido
                                                 Kenneth J. Guido