UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | : | |
| SECURITIES AND EXCHANGE COMMISSION | : | |
| | : | |
| Plaintiff, | : | Civil No. 07-0431 (RMU) |
| | : | |
| vs. | : | |
| | : | |
| ONE OR MORE UNKNOWN TRADERS | : | |
| IN THE COMMON STOCK OF CERTAIN | : | |
| ISSUERS, | : | |
| | : | |
| Defendants, | : | |
| | : | |
| and | : | |
| | : | |
| JSC PAREX BANK, | : | |
| | : | |
| Relief Defendant. | : | |
| | : | |

**RELIEF DEFENDANT, PAREX BANK'S, OPPOSITION
TO THE SEC'S MOTION TO DISMISS PAREX BANK'S CROSS-CLAIMS.**

The main thrust behind the S.E.C.'s opposition to Parex Bank's Cross-Claims

against the now identified "**ONE OR MORE UNKNOWN TRADERS**

**IN THE COMMON STOCK OF CERTAIN ISSUERS**" (Parex Bank customers

whom are alleged by the SEC to have committed acts of fraud) is that, absent the

Commission's consent, any intervention in an S.E.C. enforcement action is absolutely

barred by *Section 21(g)*.  The SEC likewise pays homage to the doctrine of judicial

economy arguing that somehow the proceedings will be come needlessly delayed and

governed by foreign (Latvian) law if the cross-claims are allowed to run parallel to the

enforcement action.  In support of its position, the S.E.C. relies mainly on *Park Lane Hosiery v. Shore*, 439 U.S. 322 (1979)[1].

However, *Section 21(g)* does not automatically preclude all intervention in S.E.C. enforcement actions.  *See*, *SEC v. Kings Real Estate Inv. Trust*, 222 F.R.D. 660 (D. Kan. 2004), citing,  *S.E.C. v. Wozniak,* 1993 U.S. Dist. LEXIS 1241 at *1 (N.D. Ill. Feb. 5, 1993); *S.E.C. v. Flight Trans. Corp.,* 699 F.2d 943, 950 (8th Cir. 1983) (rejecting *Section 21(g)* as bar to intervention in S.E.C. enforcement actions), *S.E.C. v. Credit Bancorp, Ltd.,* 194 F.R.D. 457, 466 (S.D. N.Y. 2000), (rejecting *Section 21(g)* as absolute bar to intervention), *S.E.C. v. Prudential Sec. Int.,* 171 F.R.D. 1, 4 (D.D.C. 1997) (rejecting *Section 21(g)* as a bar to non-consensual intervention in certain S.E.C. actions).

*Section 21(g)* states as follows:

> Notwithstanding the provisions of section 1407(a) of Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be *consolidated* or *coordinated* with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

*15 U.S.C. § 78u(g)* (emphasis added).

---

[1]  "The courts holding that *Section 21(g)* bars intervention assert that this result is reached on the basis of the "plain meaning" of that provision. n25 These courts suggest that their reading of the statute is supported by the Supreme Court decision in *Parklane Hosiery Co. v. Shore* n26 and Justice Blackmun's dissenting opinion in *Aaron v. S.E.C.* n27, the only two Supreme Court decisions that mention *Section 21(g)*. However, it appears that the only thing the Supreme Court was confirming was that *Section 21(g)* does not permit "consolidation" or "coordination" of S.E.C. enforcement actions with private suits. n28 Neither decision elaborates any further on the statutory language. Therefore, it is unclear how either of the Supreme Court's cases supports the position that *Section 21(g)* is clearly and unambiguously meant to be an absolute bar to intervention. n29 With the exception of *Qualified Pensions,* where intervention would have literally led to a consolidation of a federal S.E.C. claim with another pending suit, neither *Wozniak* nor *Homa* present facts that would lead to such consolidation with a private lawsuit."

*SEC v. Kings Real Estate Inv. Trust*, 222 F.R.D. 660, 666 (D. Kan. 2004)

The language of *Section 21(g)* prohibits "consolidation" and "coordination" of other actions brought by third parties with an action <u>pending</u> for equitable relief instituted by the Commission without its express agreement.    However, contrary to the SEC's inference in it's Memorandum, *Section 21(g)* <u>does not, by its plain language, prohibit all intervention</u> particularly those initiated by initial pleadings at the beginning of the enforcement action between named defendants, relief or otherwise.  *SEC v. Kings Real Estate Inv. Trust*, 222 F.R.D. 660 (D. Kan. 2004). Nor does the review of the Congressional history suggest that prohibiting intervention was the goal behind the passage of this section. Congress enacted *Section 21(g)* in response to the S.E.C.'s concern that its enforcement actions were being hindered by the consolidation provisions governing multidistrict litigation under *28 U.S.C. 1407*. "*[Section 21(g)]* would ... exempt law enforcement actions brought by the Commission from the operation of the judicial procedures provided by the Congress in 1968 to transfer, for coordinated or consolidated pretrial procedures, civil actions pending in different judicial districts that have one or more common questions of fact." *SEC v. Kings Real Estate Inv. Trust*, 222 F.R.D. 660, 664 (D. Kan. 2004), *citing*, S. Rep. No. 94-74, at 73 (1975), 1975 U.S.C.C.A.N. 179, 251 "The Senate report pointed out that multidistrict litigation rules compelling consolidation of civil cases were particularly harmful in the context of injunctive enforcement suits by the Commission because the delay associated with a complex pretrial phase of a consolidated suit interfered with the Commission's ability to enjoin the potentially fraudulent conduct, leading to further fraudulent acts and new losses to investors." *Id*.

A more well-rounded review of the authorities beyond *Parklane* reveals that there is some disagreement within the courts concerning the application of Section 21(g) to

intervention motions.  Compare *SEC v. Flight Trans. Corp., 699 F.2d 943, 950 (8th Cir. 1983)* (rejecting Section 21(g) as bar to intervention in SEC enforcement actions);  with *SEC v. Wozniak, 1993 U.S. Dist. LEXIS 1241,* No. 92 C 4691, *1993 WL 34702,* at *1 (N.D. Ill. Feb. 8, 1993) (holding that Section 21(g) operates as "impenetrable wall" to intervention by victim of fraudulent scheme in SEC enforcement action);  see also *SEC v. Qualified Pensions, Inc., 1998 U.S. Dist. LEXIS 942,* No. Civ.A. 95-1746- *LFO, 1998 WL 29496,* at *3 (D.D.C. Jan. 16, 1998) (holding that, as applied to case in which applicants for intervention "are already plaintiffs in another ongoing lawsuit and that the matter on which they wish to expound . . . is squarely before the other court," Section 21(g) bars intervention; noting that allowing intervention would effectively allow coordination of enforcement action with lawsuit already pending in another jurisdiction).

However, one decision in this District would allow intervention.  See, *SEC v. Prudential Sec. Inc.,* 171 F.R.D. 1, 4 (D.D.C. 1997) (rejecting Section 21(g) as a bar to non-consensual intervention in certain SEC actions).  Further, as was noted in *SEC v. Prudential Securities*, "there is no persuasive authority which suggests that section 21(g) . . . bars intervention in all SEC enforcement actions." 171 F.R.D. at 3.  Not only does the specific language of Section 21(g) not apply, on its face, to intervention, but the vast majority of cases addressing intervention in the context of SEC enforcement actions neglect to discuss Section 21(g) at all. Instead, intervention has been typically evaluated under the standards governing *Rule 24, Fed. R. Civ. P. SEC v Credit Bancorp.,* 194 F.R.D. 457, 2000 U.S. Dist. LEXIS 3508 (S.D.N.Y. 2000).

Finally, regarding the SEC's gloom and doom predictions of delay and foreign law application we note that the cross-claim defendants have not yet appeared in either the

SEC's enforcement proceeding nor on the cross-claims and it is probably unlikely that these residents of Russia ever will. Moreover, in like of the probability of default applications in the near future, the hard task of applying foreign law is fairly removed from these proceedings. We state the last sentence tongue in cheek as we trust that the job of applying foreign law presents no difficulty to this Honorable Court should it be compelled to do so.

WHEREFORE, we respectfully submit that the SEC's motion to dismiss Parex Bank's cross-claims should be denied as unwarranted by both *Section 21(g)*, case law in this and other Districts and the particular facts of this case.

Respectfully submitted,

s/ Paul W. Verner
Paul W. Verner, Pro Hac Vice

67 Wall Street, Suite 2211
New York, New York 10005
(212) 502-5500

Dated: August 3, 2007