**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : Civil No.07-cv-0431 |
| | : (RMU) |
| ONE OR MORE UNKNOWN TRADERS | : |
| IN THE COMMON STOCK OF CERTAIN | : |
| ISSUERS aka ANNA GORELOVA, OLEG KOPPYLOV, | : |
| SERGEY KOVALEV AND DEMITRIY PHILIN, | : |
| | : |
| Defendants, | : |
| | : |
| and | : |
| | : |
| JSC PAREX BANK, | : |
| | : |
| Relief Defendant. | : |

---

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S**
**REPLY IN SUPPORT OF ITS MOTION TO DISMISS RELIEF DEFENDANT**
**JSC PAREX'S CROSS-CLAIMS AGAINST DEFENDANTS**

JSC Parex Bank's ("Parex's") Opposition to the Securities and Exchange

Commission's ("Commission's") Motion to Dismiss Relief Defendant JCS Parex Bank's

Cross-claims against Defendants is untimely. Parex's Opposition should be rejected for

this reason alone, LCvR 7(b), and for the reasons that follow in this Reply.

**NO CASES SUPPORT PAREX'S OPPOSITION TO THE MOTION TO DISMISS**

Parex essentially argues that because courts sometimes allow private parties to

*intervene* in SEC enforcement actions, that its *cross-claims* against the defendants should

be permitted. Whatever position one takes regarding intervention, however, courts

routinely interpret Section 21(g) of the Exchange Act of 1934 [15 U.S.C. § 78u(g)] to compel dismissal of cross-claims and counter-claims from Commission enforcement actions. *See*, *e.g.*, *SEC v. Prudential Sec. Inc.*, 171 F.R.D. 1, 3-4 (D.D.C. 1997) ("significant authority suggests that section 21(g) bars all private cross-claims . . . to SEC enforcement actions to which SEC does not consent"); *SEC v. Pinchas,* 421 F. Supp. 2d 781, 784 (S.D.N.Y 2006) ("[a]ny consideration of defendant's counterclaims here is barred by [Section 21(g)]); *SEC v. Egan,* 821 F. Supp. 1274, 1275-76 (N.D. Ill. 1993) (denying motion to amend answer to add third-party complaint); *SEC v. Electronics Warehouse, Inc.*, 689 F. Supp. 53, 71-72 (D. Conn. 1988), *aff'd.*, 891 F.2d 457(2d Cir. 1989) (noting that allowing the proposed counterclaim would undercut the speedy resolution of SEC injunctive actions); *SEC v. General Host Corp.*, 60 F.R.D. 640, 642-43 (S.D.N.Y. 1973), *aff'd.*, 508 F.2d 1332 (2d Cir. 1975) (in case before enactment of Section 21(g), holding that "[t]o lump the SEC action with the private lawsuit would result in a slowdown in its effort to protect the public").

Parex has cited no authority permitting a party to file cross-claims in an action initiated by the Commission. The three opinions it cites that permit intervention, do not hold that cross-claims are permitted.[1] In the other two opinions the courts denied intervention.[2] Although the courts in those cases suggest that intervention may be permitted in limited circumstances, the courts expressly held that cross-claims are barred by Section 21(g). As one of the cases emphasized, "[T]here is significant authority which

---

[1] *SEC v. Flight Transp. Corp.*, 699 F.2d 943, 950 (8th Cir. 1983); *SEC v. Kings Real Estate Inv. Trust*, 222 F.R.D. 660, 667 (D. Kan. 2004); *SEC v. Credit Bancorp, Ltd.*, 194 F.R.D. 457, 466 (S.D.N.Y. 2000).

[2] *Prudential Sec.*, 171 F.R.D. at 5-7; *SEC v. Qualified Pensions, Inc.*, 1998 WL 29496, at *4 (D.D.C. Jan. 16, 1998).

suggests that section 21 (g) bars all private cross-claims, counter-claims, and third party claims." *See*, *e.g.*, *Prudential Sec.*, 171 F.R.D. at 3 & n.3 (citing cases).[3] The other approvingly quoted the same language from *Prudential*. *SEC v. Qualified Pensions, Inc.*, 1998 WL 29496, at *3 (D.D.C. Jan. 16, 1998).

Thus, the cases Parex cites are not authority to deny the Commission's Motion to Dismiss. Rather, two of them support the Commission's position, as do the other cases the Commission has cited in support of its Motion to Dismiss.

### PAREX'S INTERPRETATION IGNORES THE CLEAR LANGUAGE OF SECTION 21(g)

Section 21(g) provides:

> Notwithstanding the provision of section 1407(a) of Title 28 . . . *or any other provision of law*, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be *consolidated or coordinated* with other actions not brought by the Commission, even though such other actions may involve common questions of facts, unless such consolidation is consented to by the Commission.

15 U.S.C. § 78u(g) (emphasis added).

Section 21(g) is not limited to section 1407(a) of Title 28 actions.[4] Parex, has, in effect, written the phrase "[n]otwithstanding . . . *any other provision of law*" out of the Sections based on its narrow reading of the legislative history. This is contrary to the well recognized principle of statutory interpretation that legislative history may not be used to narrow the plain meaning of a statute, particularly where, as here, the statute expressly prohibits reliance on all other provisions of the law to force consolidation or

---

[3] The cases cited by *Prudential* are *SEC v. Thrasher,* 1995 WL 456402 (S.D.N.Y. Aug. 2, 1995); *SEC v. Downe,* 1994 WL 67826 (S.D.N.Y. Mar. 3, 1994); and *SEC v. Allison,* 1981 WL 1667 (N.D. Cal. Aug. 7, 1981).

[4] *Park Lane Hosiery v. Shore*, 439 U.S. 322, 332, n.17 (1979); *Aaron v. SEC*, 446 U.S. 680, 717, n.9 (1980) (Blackmun, J., concurring in part and dissenting in part).

3

coordination of Commission actions. As set forth in a leading treatise on the Supreme Court's view of statutory interpretation, "the meaning of the statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, . . . the sole function of the courts is to enforce it according to its terms." 2A Sutherland Statutory Construction § 46.1 (6th ed., October 2006).

**THE LEGISLATIVE HISTORY OF SECTION 21(g) SUPPORTS THE COMMISSION'S NOT PAREX'S POSITION**

Moreover, the legislative history of Section 21(g) does not support Parex's opposition. As the Commission explained in support of its Motion to Dismiss, although the legislative history of Section 21(g) speaks of Section 1407(a), the reasons Congress gave for Section 21(g)'s enactment supports the Commission's reading of its plain language. The governing Senate Committee stressed that to permit consolidation or coordination of other private actions with Commission enforcement proceedings would (1) make the Commission's actions more confused and complex, (2) cause additional issues to be litigated, (3) require enforcement of the securities laws to be reconciled with different objectives, and (4) claims would hinder prompt resolution of the regulatory obligations. Senate Report No. 94-75, at pp.73-76, Securities Act Amendments of 1975 (94th Cong., 1st Sess., 1975), U.S.C.C.A.N. 179, 1975 W.L. 12347 (Leg. Hist.) (Apr. 14, 1975) (discussed by Justice Blackmun in *Aaron v. SEC*, 446 U.S. at 717, n.9).

Although Congress spoke about Section 1407 when discussing its goals in enacting Section 21 (g), the statute's import goes beyond multi-district litigation. The Commission's position, not Parex's, furthers Congress's goals. Congress's objectives are consistent with the plain meaning of the statute and should be given effect applying the clear meaning of Section 21(g).

## PAREX'S CLAIM THAT CROSS-DEFENDANTS WILL DEFAULT IS NOT GROUNDS FOR IGNORING THE PROSCRIPTION OF SECTION 21(g)

Parex claims that a default by the cross-defendants will mitigate the disruptive consequences of their cross-claims on the Commission's enforcement actions. Its assurances are unfounded. First, the defendants have not even been served with the cross-complaint, so it is not certain that the cross-claim may not cause them to react. Second, even if they were served and did default, as Parex suggests, the legal issues set forth by the Commission in support of its Motion to Dismiss would have to be addressed by the Court.

As this Court has recently stated, courts have emphasized that:

Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint. However, default does not establish liability for the amount of damages claimed by the plaintiff. Instead "unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." The court has considerable latitude in determining the amount of damages. To fix the amount, the court may conduct a hearing. The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment.".

*Carpenters Labor-Management Pension Fund, v. Freeman-Carder LLC*, __ F. Supp. 2d __, 2007 WL 2206874, at *2 (D.D.C. Aug. 2, 2007). (internal citations omitted).

In applying these principles, courts independently measure the plaintiff's well-pleaded facts against the applicable legal framework. *See*, *e.g.*, *In re Kasden*, 209 B.R. 236, 239 (8th Cir. B.A.P. 1997) ("[C]ourts have an independent duty to determine the sufficiency of a claim as provided by Rule 55(b)(2)."); *Kleartex (U.S.A.), Inc. v. Kleartex SDN BHD*, 1994 WL 733688, at *3 (S.D.N.Y. June 9, 1994) ("The default is not tantamount to an admission of the legal conclusions asserted in the complaint, and accordingly even if an order of default is entered, the court must still determine whether

5

the plaintiff has a viable claim.") (citing cases).  A defaulting defendant does not admit legal conclusions by virtue of the default.  *See Deery American Corp. v. Artco Equipment Sales, Inc.*, 2007 WL 437762, at *2 (D. Colo. Feb. 6, 2007) ("Even after default, 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.' ") (citing *Black v. Lane*, 22 F.3d 1395, 1407 (7th Cir. 1994) and 10 Charles A. Wright et al., *Federal Practice & Procedure* § 2688, at 447-48 (2d ed. 1983)); *Edwards v. Culbertson Law Offices*, 2001 WL 1640104, at *3 (D. Minn. Dec. 7, 2001) (quoting same language from *Federal Practice & Procedure*); *Kelley v. Carr*, 567 F. Supp. 831, 840 (W.D. Mich. 1983) (same).

In adjudicating Parex's cross-claims, the Court will have to determine foreign law and apply it to the facts set forth in support of the cross-claims, which is not an inconsequential task:  As the D.C. Circuit has stressed:

> Under Rule 44.1 of the Rules of Civil Procedure, "[t]he court, in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."  Foreign law is thus proved essentially as a matter of fact (although the determination is treated as a matter of law for purposes of review). Generally, written or oral expert testimony accompanied by extracts from foreign legal material is the basic method by which foreign law is proved.

*Ganem v. Heckler,* 746 F.2d 844, 845 (D.C. Cir. 1984).

Consequently, contrary to Parex's assertion, even if the defendants were to default on the cross-claims, this Court would have to determine: (1) what substantive law—Latvian, Russian, and/or United States—applies to the facts of this case; (2) whose choice of law rule—Latvian, Russian, or United States—is to be used to make the determination; (3) what aspect of the appropriate jurisdiction's law—tort, and/or contract—applies in

6

this case; (4) which facts may Parex rely on to establish liability under the appropriate law; and, finally, (5) what does the appropriate law—tort, contract, or a combination of both—dictate should be the outcome of Parex's cross-claims.

Therefore, contrary to Parex's assertions, a default as to the cross-claims will not eliminate the need to adjudicate issues well beyond the scope of the Commission's enforcement action. In fact the cross-claims will create the attendant delay and confusion that Section 21(g) was designed to prevent.

## CONCLUSION

For the reasons stated above and the reasons stated originally in support of its Motion to Dismiss, the Commission respectfully requests that its Motion to Dismiss be granted.

August 10, 2007

                                                    /s/ Kenneth J. Guido
Kenneth J. Guido, Trial Counsel
(D.C. Bar No. 151605
John Reed Stark
Thomas A. Sporkin
N. Blair Vietmeyer
Sarit Klein
David Smyth
Attorneys for Plaintiff
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549
(202) 551-4480 (Guido)
(202) 772-9245 (Fax)
Email: guidok@sec.gov

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>vs.<br><br>ONE OR MORE UNKNOWN TRADERS IN THE COMMON STOCK OF CERTAIN ISSUERS aka ANNA GORELOVA, OLEG KOPPYLOV, SERGEY KOVALEV AND DEMITRIY PHILIN,<br><br>Defendants,<br><br>and<br><br>JSC PAREX BANK,<br><br>Relief Defendant. | Civil No.07-cv-0431 (RMU) |

**CERTIFICATE OF SERVICE**

I certify that on August 10, 2007, the foregoing Plaintiff Securities and Exchange Commission's Reply In Support of Its Motion to Dismiss Relief Defendant JSC Parex's Cross-Claims against Defendants will be delivered by electronic mail to Joe Aronica and Paul W. Verner, counsel for Relief Defendant JSC Parex Bank and the Relief Defendants and Defendants have been served by first class mail postage prepaid at the physical addresses listed below and the Defendants have also bee served by electronic mail to the e-mail addresses listed below:

Joe Aronica
Duane Morris LLP
Suite 700, 1667 K Street, N.W.
Washington, DC 20006

Paul W. Verner
Verner Simon, P.C.
Suite 2211, 67 Wall Street
New York, NY 10005

Counsel for Relief Defendant JSC Parex

Anna Gorelova, Odoevskogo Street 28, Apartment 2, Saint Petersburg, Russia
anna_kamilla@mail.ru
Defendant

Oleg Kopylov, Dobrovoltseve Street 40, Apartment 1, Saint Petersburg, Russia
OLEK_KOPILOV@INBOX.RU
Defendant

Sergey Kovalev, Pridoroznaya Street 5, Apartment 90, Saint Petersburg, Russia
sergjkovalev@inbox.ru
Defendant

Dmitriy Philin, Stachek Prospect 24-23, Saint Petersburg, Russia
DPHILIN@LISN.RU
Defendant

/s/ Kenneth J. Guido
Kenneth J. Guido