UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND                              :
EXCHANGE COMMISSION,                        :
                                            :
       Plaintiff,                           :
                                            :
       v.                                   :   Civil Action No.:   07-0431 (RMU)
                                            :
ONE OR MORE UNKNOWN TRADERS                 :   Document No.:       31
IN THE COMMON STOCK OF                      :
CERTAIN ISSUERS,                            :
                                            :
       Defendants,                          :
and                                         :
                                            :
JSC PAREX BANK,                             :
                                            :
       Relief Defendant.                    :

## MEMORANDUM OPINION

**GRANTING THE PLAINTIFF'S MOTION TO DISMISS THE RELIEF DEFENDANT'S CROSS-CLAIMS**

### I.   INTRODUCTION

Plaintiff Securities and Exchange Commission ("the plaintiff" or "SEC") brings this action against multiple unknown defendants ("trader defendants") who allegedly participated in a trading scheme that violated Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a) ("Securities Act"), Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) ("Exchange Act") and Rule 10b-5, 17 C.F.R. § 240.10b-5.  The trader defendants anonymously traded in securities through brokerage accounts titled in the name of JSC Parex Bank ("Parex"), a business entity in Latvia.  Therefore, the plaintiff named Parex as a relief defendant, asking the court to compel Parex to disgorge assets obtained as a result of the trader defendants' actions.

On May 29, 2007, Parex filed cross-claims against the trader defendants for a variety of contractual and common-law claims.

Alleging that Section 21(g) of the Exchange Act ("§ 21(g)") requires the dismissal of cross-claims and counterclaims arising out of an SEC enforcement action, on July 6, 2007 the plaintiff filed a motion to dismiss Parex's cross-claims. Parex opposes the motion, urging the court that § 21(g) does not act as a categorical bar to its cross-claims. Because the court concludes that § 21(g) precludes Parex's cross-claims, the court grants the plaintiff's motion to dismiss them.

## II.  BACKGROUND

### A.  Factual History

As pertinent to the resolution of this motion, the complaint alleges the following facts: Between December 2005 and December 2006, the trader defendants purchased and sold shares of common stock of fifteen issuers. Compl. ¶ 8. Utilizing "a modern-day, technological version of the traditional 'pump-and-dump' market manipulation scheme," the trader defendants began by purchasing shares of stock in thinly-traded companies. *Id.* ¶ 1. Then, they invaded online brokerage accounts of investors at U.S. brokerage dealers to purchase and sell shares of the stocks they previously purchased, creating the appearance of trading activity which increased the value of the stock. *Id.* When the prices of the stocks increased to their satisfaction, the trader defendants sold their shares at the inflated price. *Id.* In perpetrating the scheme, the trader defendants masked their identities, in part, "by trading anonymously through the domestic brokerage accounts of Latvian-based Relief Defendant JSC Parex Bank." *Id.* ¶ 2. The

defendants' scheme generated at least $732,941.00, which is held in Parex accounts. *Id*. ¶ 3. It also caused losses to the U.S. brokerage dealers in excess of $2 million. *Id*.

### B.  Procedural History

On March 6, 2007, the plaintiff brought this suit against the trader defendants, alleging that their actions violated Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5.  Specifically, the plaintiff asked the court to temporarily and permanently enjoin the trader defendants from future violations of these provisions, and to compel them to disgorge the profits obtained in the above-outlined scheme and to pay penalties and interest.  *See generally* Compl.  In addition, the plaintiff requested that the court require Parex to disgorge all assets obtained as a result of the trader defendants' illegal actions.  *Id*.  That same day, the court granted the plaintiff's *ex parte* request for a temporary restraining order.  On March 14, 2007, the court entered the plaintiff and Parex's stipulated order which acted, *inter alia*, to freeze the assets of the trader defendants.  Order (Mar. 14, 2007).

Parex answered the complaint on May 29, 2007, filing cross-claims against the trader defendants for breach of contract, breach of good faith and fair dealing, common law fraud, common law indemnification, contractual indemnification and contribution.  Relief Def. JSC Parex Bank's Answer and Cross-Claims ¶¶ 13-29.  On July 6, 2007, the plaintiff moved to dismiss Parex's cross-claims because, in its view, § 21(g) bars cross-claims and counterclaims arising out of an SEC enforcement action. Pl.'s First Mot. to Dismiss Relief Def.'s Cross-Claims ("Pl.'s Mot.").  Parex protests that "Section 21(g) does not automatically preclude all intervention in S.E.C. enforcement actions."  Relief Def. Parex Bank's Opp'n to Pl.'s Mot. ("Parex Opp'n") at 2.  The court now turns to the plaintiff's motion.

3

### III.    ANALYSIS

#### A.    Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, the plaintiff must allege a "plausible entitlement to relief," by setting forth "any set of facts consistent with the allegations." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1967, 1969 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"). While these facts must "possess enough heft to 'sho[w] that the pleader is entitled to relief,'" a complaint "does not need detailed factual allegations." *Id.* at 1964, 1966. In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all

4

reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

### B. The Court Grants the Plaintiff's Motion to Dismiss Parex's Cross-Claims

The plaintiff moves the court to dismiss Parex's cross-claims, asserting that § 21(g) is an outright bar to cross-claims and counterclaims. Pl.'s Mot. Parex, on the other hand, cites a litany of cases for the proposition that, "Section 21(g) does not automatically preclude all intervention in S.E.C. enforcement actions." Parex Opp'n at 2.[1] Parex's arguments, while not incorrect, miss the mark by failing to address the issue of cross-claims now before the court.

Section 21(g) states that

> [n]otwithstanding the provisions of section 1407(a) of Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities law shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

15 U.S.C. § 78u(g). This provision addresses Congress' awareness that the purpose of SEC actions differs from that of private actions. That is, the SEC seeks law enforcement while "[p]rivate actions for damages seek to adjudicate a private controversy between citizens." S.

---

[1] Parex's opposition to the plaintiff's motion lacks page numbers, in either intentional or sloppy disregard of the court's Standing Order. See Standing Order ¶ 2 (May 29, 2007). Therefore, the court's citations to Parex's opposition refer to the page numbers as assigned by the court's CM/ECF system.

Rep. 94-75, 1975 U.S.C.C.A.N. 179, 254. Congress also intended to protect "'already complicated securities cases [from becoming] more confused and complex.'" *Id*. (quoting *SEC v. Everest Mgmt. Corp.*, 475 F.2d 1236, 1240 (2d Cir. 1972)).

Parex correctly highlights that courts are conflicted as to whether § 21(g) bars intervention. Parex Opp'n at 2-5. That may be, but the issue here is not intervention, but cross-claims, and § 21(g)'s effect on cross-claims is not an unknown quantity. Courts have routinely held that this provision bars both cross-claims and counterclaims. *SEC v. Pinchas*, 421 F. Supp. 2d 781 (S.D.N.Y. 2006) (citing cases); *SEC v. McCaskey*, 56 F. Supp. 2d 323 (S.D.N.Y. 1999) (citing cases); *SEC v. Prudential Sec. Inc.*, 171 F.R.D. 1, 3 (D.D.C. 1997) (citing cases); *SEC v. Thrasher*, 1995 WL 456402 (S.D.N.Y. Aug. 2, 1995); *SEC v. Randy*, 1995 WL 616788 (N.D. Ill. Oct. 17, 1995) (citing cases); *SEC v. Downe*, 1994 WL 67826 (S.D.N.Y. Mar. 3, 1994); *SEC v. Allison*, 1981 WL 1667 (N.D. Cal. Aug. 7, 1981). And, the court agrees with this long-standing interpretation of § 21(g).

Parex's cross-claims assert various contractual and common law claims against the foreign trader defendants and present complex legal issues, including choice-of-law. Prosecution of these claims threatens to significantly delay the SEC's enforcement action. This complication, as discussed *supra*, was squarely within Congress' cross-hairs when it enacted § 21(g). Accordingly, the court dismisses Parex's cross-claims as barred by § 21(g). *See SEC v. Sprecher*, 81 F.3d 1147 (D.C. Cir. 1996) (sidelining the issue of § 21(g)'s bar to counterclaims, but noting the section's broad language and stating that the district court's application of the bar was "likely correct [because the] rationale of the rule is to allow quick resolution of SEC claims [and] counterclaims might raise additional issues").

## IV.   CONCLUSION

For the foregoing reasons, the court grants the plaintiff's motion to dismiss Parex's cross-claims.  An order consistent with this Memorandum Opinion is issued this 14th day of January, 2008.

                                            RICARDO M. URBINA
                                            United States District Judge